# In re Arthur J. DELANEY, Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

### No. 96–BG–974.

District of Columbia Court of Appeals.

Submitted Jan. 16, 1997.

Decided July 17, 1997.

Before WAGNER, Chief Judge, and STEADMAN and REID, Associate Judges.

STEADMAN, Associate Judge:

Before us for disciplinary action is the case of an attorney whose behavior constituted an "egregious failure to cooperate" with Bar Counsel's investigation of a disciplinary complaint. Neither Respondent nor Bar Counsel has filed exceptions to the recommendation of a majority of the Board on Professional Responsibility ("the Board") that Respondent be suspended for thirty days, and that as conditions of reinstatement, he be required to show that he has responded to the inquiries of Bar Counsel and the order of the Board and to show fitness under D.C. Bar R. XI, § 16.[1]

Respondent was found to have violated Rule 8.4(d) of the District of Columbia Rules of Professional Conduct (serious interference with the administration of justice), and D.C.Bar R. XI, § 2(b)(3) (failure to comply with an order of the Board), based upon the following facts found by the Hearing Committee.

1. Respondent is a member of the District of Columbia Bar, having been admitted on June 19, 1967.

---

1. While agreeing with the thirty day suspension and the requirement of a response to the inquiries, four members of the Board would not impose the further requirement of a showing of fitness.

2. An ethical complaint was filed against Respondent on March 20, 1995. This complaint charged Respondent with acts that constitute misconduct under the District of Columbia Rules of Professional Conduct.[2]

3. Bar Counsel wrote a letter to Respondent on April 28, 1995, enclosing the complaint and requesting a response by May 5, 1995. This letter was returned to Bar Counsel.

4. On May 8, 1995, the letter and the complaint were personally served on Respondent by a process server. Respondent did not respond to the letter or the complaint.

5. On June 20, 1995, Bar Counsel sent another letter to Respondent at the address where he was served on May 8, 1995, informing him of his obligation to respond within five (5) days. Respondent did not respond and the letter was not returned.

6. On July 12, 1995, Bar Counsel filed with the Board of Professional Responsibility a motion to compel a response. This document was hand-delivered by a messenger to the address where Respondent had been personally served in May. Respondent did not respond to this motion or to the original complaint.

7. On September 11, 1995, the Board ordered Respondent to respond to the allegations in the original complaint and to Bar Counsel's April 28, 1995, letter of inquiry. Respondent was personally served with this Board Order, along with Bar Counsel's motion to compel (with attachments) and a letter from Bar Counsel, on October 5, 1995. Again, Respondent did not respond.

8. On October 31, 1995, Bar Counsel filed a Specification of Charges. During the period from November 4, 1995 through January 3, 1996, process servers made over twenty (20) attempts to serve Respondent with this document, a copy of the Board rules, and a notice to Respondent informing him that he had ten (10) days to respond. Despite the fact that process servers went to Respondent's house at all times of the day and left notes for Respondent to contact them, service was not achieved by these efforts. Bar Counsel then directed the process servers to "stake out" Respondent's residence. Personal service was finally achieved on February 2, 1996.[3] However, Respondent did not file an answer.

9. Respondent did not appear at the Hearing and has never submitted any responses to Bar Counsel's inquiries or charges.

We have in the past suspended attorneys for thirty days with a requirement of fitness where, as in the instant case, "the respondent evinces persistent disregard for the disciplinary process and continued refusal to cooperate with Bar Counsel and the Board, despite numerous opportunities to do so." *In re Smith,* 649 A.2d 299, 300 (D.C.1994). We held in a similar case that "[i]n circumstances where the respondent has repeatedly evinced indifference (or worse) toward the disciplinary procedures by which the Bar regulates itself, a requirement that the attorney prove fitness to resume practice [together with a thirty-day suspension] is entirely reasonable." *In re Lockie,* 649 A.2d 546, 547 (D.C.1994) (citing *In re Siegel,* 635 A.2d 345, 346 (D.C.1993)).

In the case before us, four of the nine members of the Board would impose the thirty day suspension and the requirement of responses to Bar Counsel and to the order of the Board, but not a requirement of a showing of fitness. They would distinguish *Lockie* and *Smith* as cases in which Respondents had failed to cooperate with investigations involving "serious" charges of misappropriation, and thus not comparable to Delaney, who was not being investigated for a disbarrable offense.

We note that our decisions in *Lockie* and *Smith* did not consider as a factor the severity of the underlying charge when fashioning an appropriate sanction. Indeed, the opinions do not even mention with any great specificity the nature of those charges. We

---

2. The complaint alleged that Respondent had failed to turn over estate files to successor counsel, despite numerous requests to do so over a two-month period.

3. The Hearing Committee found that Respondent had "evaded service of documents sent to him, necessitating extreme measures to effect service."

focused instead upon the egregiousness of the attorneys' deliberate disregard for the disciplinary process in violation of rules 8.4(d) and XI § 2(b)(3). As we said in *Lockie*, an "egregious failure to cooperate with the Office of Bar Counsel and the Board constitutes a serious violation of the D.C. Rules of Professional Conduct, and ... an offender runs the risk of being subjected to serious sanctions, including suspension coupled with a requirement to show fitness to practice law." 649 A.2d at 547.[4]

In any event, as already mentioned, here neither Respondent nor Bar Counsel has taken any exception to the recommendation of the Board. As we have repeatedly said, in such circumstances our review of the Board's recommendation is "especially deferential." *In re Jeffries,* 685 A.2d 1165 (D.C.1996) (citing *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995)). Accordingly, it is

ORDERED that Respondent Arthur J. Delaney shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of thirty days in accordance with D.C. Bar R. XI, § 14(f).[5] It is

FURTHER ORDERED that, as conditions of reinstatement, Respondent shall be, and hereby is, required to prove fitness pursuant to D.C. Bar R. XI, § 16, and that he has responded to the inquiries of Bar Counsel and the order of the Board pertaining to the underlying disciplinary proceeding against him.

---

**4.** We have no occasion here to investigate the interrelation of the attorney's duty to cooperate by way of responses and nonevasion of process with the attorney's right to mount a full and fair defense. *See, e.g.,* D.C. Bar R. XI, § 2(b)(4) (attorney shall not fail to respond to written inquiry by court or Board "without asserting, in writing, the grounds for refusing to do so."). *Cf. In re*

*Pearson,* 628 A.2d 94, 100 (D.C.1993) (Farrell, J., concurring).

**5.** Respondent's attention is also directed to the requirements of § 14 (relating to disbarred and suspended attorneys) and to § 16 (relating to eligibility for reinstatement, including the effect thereon of noncompliance with § 14).