Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent, Retna M. Pullings, violated several Rules of Professional Conduct in the course of her representation of three different clients.[1] The Board also found that respondent violated D.C. Bar R. XI, § 2(b)(3), by failing to respond to and comply with two Board orders.

As discipline for these violations, the Board recommends that respondent be suspended for sixty days, that the suspension be stayed, and that respondent be placed on one year of probation subject to conditions. The quarterly reports to the Board and Bar Counsel; (2) completion of at least six hours of CLE courses on ethics during the one-year probation period; (3) provision of written statements showing the rate or basis of her fee to all retained clients; (4) restitution to Ms. Pearline M. Hardy in the amount of $1,500.00 plus interest at the rate of 6% from February 3, 1995, before the expiration of

**In re Retna M. PULLINGS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–1192.**

District of Columbia Court of Appeals.

Feb. 11, 1999.

---

1. Specifically, respondent violated Rule 1.3(a) (failure to represent a client zealously and diligently), Rule 1.3(b)(1) (intentional failure to seek the lawful objectives of a client), Rule 1.4(a) (failure to keep a client reasonably informed), Rule 1.5(b) (failure to provide to client a written statement of the basis or rate of her fee), Rule 1.16(d) (failure to surrender client papers), and Rule 8.4(d) (conduct that seriously interferes with the administration of justice).

the period of probation; (5) no new disciplinary complaints during the pendency of this proceeding that result in the filing of a specification of charges; (6) an additional year of probation if respondent fails to complete six hours of CLE ethics courses and make restitution by the end of the one-year period of probation; and (7) lifting of the stay of the sixty-day suspension if respondent fails to comply with these conditions by the end of the second year of probation.

Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to file any exceptions to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

We find substantial support in the record for the Board's findings, and, accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar cases. *See, e.g., In re Dunietz,* 687 A.2d 206 (D.C.1996) (thirty-day suspension stayed and two years of probation imposed for neglecting a legal matter, failing to seek the lawful objectives of a client, failing to represent a client zealously and diligently, failing to act with reasonable promptness, and failing to keep a client reasonably informed); *In re Steele,* 630 A.2d 196 (D.C.1993) (ordering restitution and sixty-day suspension with fitness requirement for neglecting a legal matter and engaging in conduct that seriously interferes with the administration of justice by failing to comply with a Board order and cooperate with Bar Counsel). Accordingly, it is

ORDERED that Retna M. Pullings is suspended from the practice of law in the District of Columbia for the period of sixty days, the suspension is stayed, and respondent is placed on probation for one year subject to the conditions that: (1) she be supervised by a practice monitor who will provide quarterly reports to the Board and Bar Counsel; (2) she complete at least six hours of CLE courses on ethics during the one-year probation period and provide proof of such to the practice monitor, who will forward it to the Board and Bar Counsel; (3) she provide all of her retained clients with written statements showing the rate or basis of her fee, and provide copies of such statements to the practice monitor; (4) she make restitution to Ms. Pearline M. Hardy in the amount of $1,500.00 plus interest at the rate of 6% from February 3, 1995, before the expiration of the period of probation, and provide proof of such restitution to the Board and Bar Counsel; (5) during the pendency of this proceeding, she not be the subject of any new disciplinary complaints that result in the filing of a specification of charges; (6) an additional year of probation will be imposed if respondent fails to complete six hours of CLE ethics courses and make restitution by the end of the one-year period of probation; and (7) the stay of the sixty-day suspension will be lifted if respondent fails to comply with these conditions by the end of the second year of probation, with compliance being a prerequisite to reinstatement.

*So ordered.*

## APPENDIX

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD OF PROFESSIONAL RESPONSIBILITY

In the Matter of:
RETNA M. PULLINGS,
Respondent.

Bar Docket Nos. 26–96, 29–96 & 111–96

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent is a member of the Bar of the District of Columbia Court of Appeals

("Court"), having been admitted to the Bar on June 10, 1977. Respondent is charged with mishandling the matters of three clients.

In the first matter, Respondent was retained by Ms. Michelle Cash to assist her with two debt collection problems, and Ms. Cash turned over to Respondent the necessary files. Ms. Cash became dissatisfied with the representation and demanded the return of her files. Respondent's failure to return the files led Bar Counsel to charge her with violating Rule 1.16(d), failure to surrender client papers.

In the second matter, Respondent was retained by Ms. Pearline M. Hardy to represent her grandson, Mr. John Hardy, Jr., in his appeal of his criminal conviction. Ms. Hardy paid Respondent a total of $1500 to handle the appeal. Respondent never filed an appearance in the appellate proceeding, and took no action to perfect the appeal. The Court appointed the trial attorney to handle the appeal. This was unsatisfactory to the Hardys who wanted to raise the trial counsel's alleged ineffectiveness as a major issue on appeal. Nevertheless, due to Respondent's inactivity in the case, the trial counsel filed the appellate brief. Respondent failed to respond to inquiries from Bar Counsel and ignored an order issued by this Board to respond to Bar Counsel's request for information. Bar Counsel charged Respondent with a violation of Rule 1.3(a), failure to represent client zealously and diligently, Rule 1.3(b)(1), intentional failure to seek the client's lawful objective, Rule 1.4(a), failure to keep the client reasonably informed, Rule 8.4(d), conduct that seriously interferes with the administration of justice, and Rule XI, Section 2(b)(3), failure to comply with a Board order.

In the third matter, Respondent failed to provide a client with a written statement of the basis or rate of her fee. As in the Hardy matter, Respondent failed to respond to Bar Counsel's inquiries and a Board order. Bar Counsel charged Respondent under Rule 1.5(b), failure to provide a written statement of basis or rate of the fee, Rule 1.16(d), failure to surrender client papers, Rule 8.4(d), conduct that seriously interferes with the administration of justice, and Rule XI, Section 2(b)(3), failure to respond to a Board order. Respondent stipulated to these charges.

Hearing Committee Number Two found that Bar Counsel proved each of the charged violations. The Board adopts the Committee's findings of fact and conclusions of law, and the same are incorporated herein by reference. The Committee recommended that the Court impose a 60-day suspension, that the suspension be stayed, and that there be a one-year period of supervised probation with conditions. The recommended conditions are as follows:

(a) That a practice monitor supervise Respondent on a regular basis and provide written quarterly reports to Bar Counsel and the Board;

(b) That Respondent take a CLE course on ethics during her year of probation and that proof of attendance be provided the practice monitor, to be forwarded to Bar Counsel and the Board;

(c) That copies of all written statements showing the rate or basis of the fee be provided to all retained clients and be tendered to the monitor for his or her periodic review; and

(d) That during the pendency of this proceeding before the Board and the Court, Respondent not be the subject of a disciplinary complaint that eventuates in the filing of a specification of charges.

The Committee declined Bar Counsel's request to require Respondent to refund the $1500 fee paid to her by Mrs. Hardy because of Respondent's poor financial condition.

We recommend the adoption of the Committee's recommendations with two modifications. First, we suggest that Respondent be compelled to take a minimum of six hours of ethics-related CLE courses during the first 12 months of her probation. Respondent received an informal admonition in 1995 for violations of many of the Rules at issue in this proceeding. Multiple violations so soon after the previous proceeding suggest that Respondent would benefit from a thorough review of the rules of ethics.

Second, we disagree with the Committee's failure to recommend restitution to Mrs. Hardy. Respondent admits that she did not file an appearance in Mr. Hardy's case, and took no steps to perfect the appeal. Respondent alleges that Mrs. Hardy terminated the representation before the brief was due to be filed, but we concur with the Committee that the record does not support Respondent's contention that Mrs. Hardy ever terminated the representation. And while the Committee found that Respondent performed "some services for Ms. Hardy and Mr. Hardy," (HC Report at 18), these services were unrelated to the appeal, Respondent did not specify what these "services" entailed, and there was no written fee agreement that would support Respondent's retention of the fee. As we also do not believe that Respondent's financial condition should mitigate her responsibility to return an unearned fee [2], we recommend that Respondent be required to make full restitution to Mrs. Hardy before the expiration of the one-year probation. We further recommend that Respondent's probation be continued for an additional year if restitution is not effectuated by the end of the first year of probation. If restitution is not made by the end of the second year, we recommend that the stay on the 60–day suspension be lifted, and that the suspension be imposed with reinstatement conditioned on full and complete restitution.

### Conclusion

We adopt the findings of fact and conclusions of law of the Hearing Committee. We recommend that the Court impose a 60–day suspension, that the suspension be stayed, and that there be a one-year period of supervised probation with the following conditions:

a. That a practice monitor supervise Respondent on a regular basis and provide written quarterly reports to Bar Counsel and the Board;

b. That Respondent take a minimum of six hours of continuing legal education on ethics during her year of probation, and that proof of attendance be provided the practice monitor, to be forwarded to Bar Counsel and the Board;

c. That copies of all written statements showing the rate or basis of the fee be provided to all retained clients and be tendered to the monitor for his or her periodic review;

d. That during the pendency of this proceeding before the Board and the Court, Respondent not be the subject of a disciplinary complaint that eventuates in the filing of a specification of charges;

e. That Respondent make restitution to Ms. Pearline M. Hardy in the amount of $1500 plus interest at the 6% legal rate from February 3, 1995 (the date Respondent first received a payment from Mrs. Hardy), before the end of the probationary period. Proof of payment shall be provided to Bar Counsel and the Board.

f. Respondent's probation shall be continued for an additional year if Respondent fails to complete the six hours of CLE and if restitution is not effectuated by the end of the first year of probation. If either of these conditions is not satisfied by the end of the second year, the stay on the 60–day suspension shall be lifted, and suspension shall be imposed with reinstatement conditioned on compliance with the conditions.

g. All communications between Respondent and her practice monitor during the period of probation are subject to disclosure pursuant to Rule XI, § 16(i).

BOARD ON PROFESSIONAL RESPONSIBILITY

By:

Terry Michael Banks

Dated: July 31, 1998

---

2. Cf. *In re Tinsley,* 668 A.2d 833, 837 (D.C.1995), where the Court found that "Petitioner's adverse financial condition is unfortunate, but cannot, in our view, excuse his complete failure to make any substantial effort to at least commence making the payments ordered by various courts, i.e., to make a good faith effort to remedy his past wrongs."

All members of the Board concur in this Report and Recommendation except Ms. Christensen, who did not participate.

