Before TERRY, FARRELL, and WASHINGTON, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") has found that respondent, Alvin G. Douglass, violated several Rules of Professional Conduct in the course of his representation of the personal representative of an estate in probate in 1994–1995.[1] Respondent failed to defend a claim against the estate, forcing the estate to pay $4,500.00 on a claim that would have settled for $1,000.00 had it been contested. Respondent was not forthcoming with his client about the entry of a default judgment or about settlement discussions that eventually resulted in dismissal of the client's appeal.

In mitigation, the Board considered the deaths of respondent's mother and son and respondent's serious medical problems, all of which occurred in 1993. Additionally, the Board noted the client's general satisfaction with respondent's representation and the fact that respondent paid half of the $4,500.00 claim against the estate that resulted from his neglect. In aggravation, the Board considered respondent's two prior instances of discipline, both of which resulted in informal admonitions from Bar Counsel.

The Board gave great weight to the Hearing Committee's recommended sanc-

**In re Alvin G. DOUGLASS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 99–BG–1390.

District of Columbia Court of Appeals.

Feb. 3, 2000.

---

**1.** Specifically, respondent violated Rules 1.1(a), 1.1(b), 1.2(a), 1.3(a), and 1.3(c).

tion in light of its first-hand opportunity to evaluate respondent's testimony and demeanor. In accord with the Hearing Committee, the Board recommends that respondent be publicly censured. Acting Bar Counsel has informed the court that he supports the Board's report and recommendation. Respondent has not filed any exception to the Board's report and recommendation.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to file any exception to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Given this limited scope of review, we adopt the Board's recommendation. Accordingly, it is

ORDERED that Alvin G. Douglass be, and hereby is, publicly censured.

*So ordered.*