**In re Wanda R. WITHERS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–952.**

District of Columbia Court of Appeals.

Submitted March 13, 2001.

Decided March 22, 2001.

Before STEADMAN, FARRELL, and REID, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent, Wanda R. Withers, violated Rule 1.15(a) of the District of Columbia Rules of Professional Conduct by commingling client and personal funds in her trust account, misappropriating trust funds, and failing to keep accurate and complete records of the trust account. Essentially, respondent used her client trust account as a personal and professional operating account in addition to its appropriate fiduciary use. The Board recommends disbarment.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Neither Bar Counsel nor respondent has filed exceptions, so we give heightened deference to the Board's report and recommendation. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). The Hearing Committee and the Board both determined that respondent's misappropriation was at least reckless. In *In re Addams,* 579 A.2d 190 (D.C.1990) (en banc), we held that "in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence." *Id.* at 191. We see no reason to disagree with the Board's conclusion that it is the appropriate sanction in this case. Accordingly, it is

ORDERED that Wanda R. Withers is disbarred from the practice of law in the District of Columbia, effective thirty days from the date of this opinion. *See* D.C. Bar R. XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*