### In re Phyllis J. BARON, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals. On Report and Recommendation of the Board on Professional Responsibility (BDN 131–00).**

No. 02–BG–222.

District of Columbia Court of Appeals.

Submitted Sept. 24, 2002.
Decided Oct. 10, 2002.

---

498

Before SCHWELB and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility ("the Board"), in accord with the Hearing Committee, has found that respondent, Phyllis J. Baron, violated Rules 1.4(a), 1.4(b), and 1.16(d) of the District of Columbia Rules of Professional Conduct in the course of her representation of a client whom she was appointed to represent under the Criminal Justice Act ("CJA"). Respondent conceded that she failed to communicate with her client during the entire pendency of his appeal.[1] She did not re-

spond to her client's attempts to communicate with her and ignored this court's requests that she contact her client. She did not inform her client of, nor accept, an offer by his co-defendant's counsel to join in a motion for new trial, and she did not forward the client's case file to him until two years after he complained to Bar Counsel, and even then she was unable to locate and send to him the trial transcripts.

The Board noted that respondent was informally admonished for similar misconduct in her representation of another CJA client during the same period of time. In mitigation, the Board considered that respondent was, at the time of her misconduct, the sole care provider for her mentally and physically disabled adult son, and that she changed her practices after her informal admonition and is now conscientious about communicating with her clients. As discipline for respondent's misconduct, the Board recommends a thirty-day suspension, stayed in favor of one year of probation with certain conditions, including supervision by a practice monitor.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). In this case, respondent stipulated to the underlying facts and the concomitant ethical violations.

We will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Neither respondent nor Bar Counsel opposes the Board's report and recommendation, so we give the Board's recommendation heightened deference. D.C. Bar R.

---

1. She did not discuss with him the issues to be raised on appeal, she did not give him a copy of the brief she filed on his behalf, she did not inform him of this court's decision affirming his conviction, and she did not advise him of his post-appeal options.

XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). The sanction recommended by the Board is not inconsistent with discipline imposed in similar cases,[2] thus we accept it. Accordingly, it is

ORDERED that Phyllis J. Baron is suspended from the practice of law in the District of Columbia for the period of thirty days, the suspension is stayed, and respondent is placed on probation for one year subject to the conditions that she be supervised by a Board-appointed practice monitor who will provide quarterly reports to the Board and Bar Counsel, and that she comply with the District of Columbia Rules of Professional Conduct. Upon respondent's satisfactory completion of the probation, the suspension order shall expire of its own force. Respondent shall, within thirty days from the date of this opinion, file with the Board a statement certifying that she accepts these conditions of probation; if she fails to do so, the stay will be lifted and the suspension shall take effect without further order of this court. If the Board finds that respondent has violated the conditions of probation, the stay shall be lifted and the suspension shall take effect ten days after the Board submits its findings to this court.

*So ordered.*

---

2. *See, e.g., In re Stow,* 633 A.2d 782 (D.C. 1993).