**In re David ABRAHAMSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–887.**

District of Columbia Court of Appeals.

June 24, 2004.

---

Before SCHWELB, FARRELL and RUIZ, Associate Judges.

PER CURIAM.

On January 28, 1999, the respondent David Abrahamson pleaded guilty to one misdemeanor count of unlawful receipt of compensation with intent to defeat the purposes of the United States Department of Housing and Urban Development in violation of 18 U.S.C. § 1012. Respondent's conviction was brought to our attention, and on July 26, 2001, we temporarily suspended him from the practice of law in this jurisdiction per D.C. Bar R. XI, § 10(c), and we further directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the final discipline to be imposed, and specifically to decide whether respondent's crime involved "moral turpitude" within the meaning of D.C.Code § 11–2503(a) (2001).

■ The Board determined that the crime did not involve moral turpitude *per se*, but referred the matter to Hearing Committee Number Five ("Committee") to determine whether respondent's conduct involved moral turpitude on the facts, and, if not, to recommend appropriate final discipline as the result of his conviction of a serious crime. The Committee concluded that respondent's criminal conduct did not involve moral turpitude on the facts, but it recommended that he be suspended for six months following his conviction of a serious crime as defined by D.C. Bar R. XI, § 10(b). Neither Bar Counsel nor respondent filed exceptions to the Committee's Report and Recommendation which was largely adopted by the Board in its Report and Recommendation to this court. While both the Board and the Hearing Committee agree that respondent's crime did not involve moral turpitude on its facts, the Board disagrees with the Committee's conclusion that respondent did not violate rules 3.4(a), 8.4(b), or 8.4(d) of the Rules of Professional Conduct.

■ As discipline for these violations, the Board recommends that respondent be suspended for six months, *nunc pro tunc*, to August 28, 2001, the date on which he filed an affidavit in compliance with D.C. Bar R. XI, § 14(g). Neither Bar Counsel nor respondent opposes the Board's Report and Recommendation; thus, our deference to the Board is heightened. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).

Accordingly, since they are supported by substantial evidence in the record we accept the Board's findings. D.C. Bar R. XI, § 9(g)(1). Likewise, we adopt the sanction recommended by the Board, which is not inconsistent with discipline imposed in similar cases. *See, e.g., In re Steinberg*, 761 A.2d 279 (D.C.2000); *In re Mattingly*, 723 A.2d 1219 (D.C.1999). Therefore, it is

ORDERED that David Abrahamson is suspended from the practice of law in the District of Columbia for the period of six months, *nunc pro tunc*, to August 28, 2001.

*So ordered.*