## In re T. Carlton RICHARDSON, Respondent.

No. 04–BG–917.

District of Columbia Court of Appeals.

Submitted April 14, 2005.

Decided May 5, 2005.

---

Before REID and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

In 1997, this court suspended T. Carlton Richardson ("Richardson") from practicing in the District of Columbia for three years in a reciprocal proceeding arising out of attorney misconduct in Florida. On July 25, 2001, Richardson petitioned this court for reinstatement. A three-day hearing was held, after which the Hearing Committee issued a lengthy report to the Board on Professional Responsibility ("Board") recommending that Richardson be denied reinstatement. The Board, in accordance with the Hearing Committee,

issued its own report recommending that Richardson's petition for reinstatement be denied. The Board based its determination on the fact that "the overall case for reinstatement ha[d] not been made by clear and convincing evidence." We agree with the Board and therefore deny Richardson's petition for reinstatement.

 Because neither Bar Counsel nor Richardson has filed exceptions to the Board's report and recommendation, our review is "especially deferential." *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997) (internal quotation marks omitted).[1] "To gain reinstatement, petitioner must establish by clear and convincing evidence that (1) he has the 'moral qualifications, competency, and learning in law required for readmission,' and (2) his resumption of the practice of law 'will not be detrimental to the integrity and standing of the Bar, or the administration of justice, or subversive to the public interest.'" *In re Reynolds,* 867 A.2d 977, 978 (D.C.2005) (quoting D.C. Bar R. XI, § 16(d)).

This court set forth five criteria governing reinstatement in *In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985). Those factors are:

(1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including the steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law.

*Id.* In its report and recommendation, the Board set forth its determination of each

---

1. This court twice granted Richardson's motions for extensions of time in which to file an exception to the Board's report and recom-mendation. Richardson ultimately failed to file a timely exception.

*Roundtree* factor, ultimately concluding that Richardson had failed to show by clear and convincing evidence that he was fit to resume the practice of law. Given our deferential standard of review, the fact that there were no exceptions filed to the Board's report and recommendation, and the record herein, we accept the Board's recommendation, and deny Richardson's petition for reinstatement.

*So ordered.*