### In re Billy L. PONDS, Respondent

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 379883).**

No. 05–BG–398.

District of Columbia Court of Appeals.

June 9, 2005.

Before TERRY and GLICKMAN, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("the Board"), after considering the report of a Hearing Committee, has concluded that respondent Billy L. Ponds, violated Rule 1.6 of the Maryland Rules of Professional Conduct by improperly disclosing confidential information in a motion to withdraw as defense counsel for a client.

Under Rule 8.5(a) of the District of Columbia Rules of Professional Conduct, "A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs." Under Rule 8.5(b)(1), which governs choice of law, when the conduct giving rise to a disciplinary action is connected with a court proceeding, "the [disciplinary]rules to be applied [in this jurisdiction] shall be the rules

of the jurisdiction in which the court sits, unless the rules of the court provide otherwise[.]" Thus it is that this court can impose a sanction upon a member of its own bar for violation of a Maryland rule.

As a sanction for this disciplinary violation, the Board recommends that respondent be publicly censured. Since neither Bar Counsel nor respondent opposes that recommendation, our deference to it is heightened. *See* D.C. Bar Rule XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). And because there is substantial support in the record for the Board's findings, we accept them. *See* D.C. Bar Rule XI, § 9(g)(1). We also agree that a public censure is a reasonable and appropriate sanction under the circumstances presented here. *See, e.g., In re Gonzalez,* 773 A.2d 1026 (D.C.2001). Accordingly, it is

ORDERED that Billy L. Ponds be, and hereby is, publicly censured.