**In re Phillip T. HOWARD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 457694).**

**No. 04–BG–430.**

District of Columbia Court of Appeals.

July 21, 2005.

Before REID and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

On August 21, 2003, the Supreme Court of Florida publicly reprimanded respondent Phillip T. Howard as discipline for "conduct involving dishonesty, fraud, deceit, or misrepresentation" in violation of Florida Ethical Rule 4–8.4(c)."[1] Bar

---

1. This action followed respondent's execution of a "Conditional Consent Judgment" in which he admitted that in 1995, believing that he had authority to do so, he signed the names of some of his co-counsel to a document without noting in every instance that he was executing the document on their behalf.

Counsel notified us of this action and on May 18, 2004, pursuant to D.C. Bar R. XI, § 11(d), we referred the matter to the Board on Professional Responsibility ("Board") for a determination of whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. The Board now recommends that we publicly censure respondent as identical reciprocal discipline. Bar Counsel has not taken exception to the Board's report and recommendation and respondent has not filed a statement regarding his position on reciprocal discipline nor participated in any Board proceedings.

 Our review in uncontested disciplinary cases is limited and the presumption strongly favors identical reciprocal discipline, unless the respondent demonstrates, or we find on the face of the record, by clear and convincing evidence, that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) applies.[2] We have found no evidence indicating that any of these exceptions applies; respondent's conduct in Florida, if committed here, would violate D.C. Rule 8.4(c).[3]

Accordingly, we defer to the Board's findings and adopt its recommended sanction since it is not inconsistent with discipline imposed in similar cases.[4] *See* D.C. Bar Rule XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Therefore, it is

ORDERED that Phillip T. Howard be and hereby is publicly censured.

*So ordered.*

---

No one was injured as a result of his misconduct.

**2.** *See In re Zdravkovich*, 831 A.2d 964, 968 (D.C.2003).

**3.** *See In re Uchendu*, 812 A.2d 933, 938–39 (D.C.2002) (court held that attorney who signed clients' names without identifying himself violated Rule 8.4(c)).

**4.** *See, e.g., In re Macci*, 815 A.2d 1292 (D.C. 2003); *In re Kirkiles*, 779 A.2d 357 (D.C.2001) (finding that a public censure in this jurisdiction is functionally equivalent to the public reprimand issued by the Supreme Court of Florida).