### In re Donald W. WHITEHEAD, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 431037.

### No. 05–BG–787.

District of Columbia Court of Appeals.

Sept. 22, 2005.

Before TERRY and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board"), after reviewing the report and recommendation of Hearing Committee Number Ten, determined that there was clear and convincing evidence that respondent, Donald W. Whitehead, violated Rules 1.1(b), 1.3(a), 1.3(c), 1.16(d), 1.4(a) and 8.4(d) of the District of Columbia Rules of Professional Conduct. These violations were committed during his representation of four separate clients pursuant to the Criminal Justice Act, D.C.Code §§ 11–2601 *et seq.* (2001). The Board has

concluded that respondent should be suspended from the practice of law for sixty days, but that based upon mitigating factors, enforcement of the sanction should be stayed, with conditions, in favor of two years of probation.

While considering how to sanction respondent, the Board and the Hearing Committee both determined that respondent was entitled to mitigation under *In re Kersey*, 520 A.2d 321 (D.C.1987), because his misconduct was attributable to his addiction to alcohol. Bar Counsel filed an exception to the Hearing Committee's recommendation asserting that while respondent may have satisfied the first two elements under *Kersey* (the disability was established during the course of the misconduct and was the substantial cause of the misconduct), he failed to demonstrate proof of rehabilitation. Bar Counsel added that if respondent submitted further evidence of continuing rehabilitation, Bar Counsel would recommend the suspension be stayed. Respondent ultimately produced evidence of his continuing rehabilitation, and Bar Counsel no longer opposes the Board's recommendation.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, it will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Our deference to the Board in this case is heightened by the fact that respondent did not oppose the Board's report and recommendation and that Bar Counsel now supports the recommended sanction. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We accept the Board's findings and the sanction it recommends. Accordingly, it is

ORDERED that Donald W. Whitehead is suspended from the practice of law in the District of Columbia for the period of sixty days. Said suspension is stayed, and respondent is placed on two years of probation with the following conditions: that he (1) abstain from alcohol and non-prescription drugs; (2) comply with the directives of his conditional diversion agreement approved by the Maryland Grievance Commission on March 22, 2005 and the terms of the "agreement of Understanding" entered into by the Maryland State Bar Association's Lawyer Assistance Program ("MSBA LAP") and respondent on April 7, 2005;[1] (3) continue to submit to the Board and Bar Counsel copies of the quarterly reports of adherence or violations of the Agreement of Understanding in March, June, September and December of each year as long as the probationary period lasts or until the final report in October 2008, whichever is earlier; (4) notify the Board and Bar Counsel in writing if he should seek to reactivate his Bar membership in the District of Columbia Bar;[2] and (5) consult with the District of

---

1. These require respondent to report weekly by telephone to the MSBA LAP monitor, notify the MSBA LAP regarding any prescribed medication or any change in medication, submit weekly inventory sheets to the MSBA LAP monitor regarding compliance with the agreement and give written consent to disclose appropriate information to probationary individuals, arrange to meet in person with the MSBA LAP monitor at least once a week, and submit to supervised, random urinalysis testing upon request of the MSBA LAP monitor and have the results processed within 24 hours of the request.

2. Respondent was administratively suspended from the practice of law in the District of Columbia for failure to pay bar dues and may seek reinstatement upon payment of said dues.

Columbia Lawyer Practice Assistance Program in the event he seeks to activate his membership in the District of Columbia Bar and implement the recommendations of that program.

*So ordered.*