**In re James E. JOYNER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 03–BG–1054.

District of Columbia Court of Appeals.

Submitted Sept. 27, 2005.
Decided Oct. 6, 2005.

Before SCHWELB and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

This case involves a recommendation for reciprocal discipline. The Maryland Court of Appeals suspended respondent, James E. Joyner, for nine months from the practice of law, commencing September 15, 2003, based on a joint consent petition filed by respondent and the Maryland Attorney Grievance Commission. *See Attorney Grievance Comm'n v. Joyner,* 376 Md. 694, 831 A.2d 451 (2003). This suspension was based upon two separate complaints involving representation of clients in a personal injury matter and an adoption proceeding. The joint consent petition alleged that in both of these cases respondent violated Maryland Rules of Professional Conduct 1.1 (competence); 1.3 (diligence); 1.4 (communication); 3.2 (expediting litigation); and 8.4(d) (conduct prejudicial to the administration of justice). Furthermore, respondent admitted violation of Maryland Rule of Professional Conduct 1.16(d) (declining or terminating representation), in the aforementioned adoption case.[1]

Respondent failed to report his suspension to Bar Counsel as required by D.C. Bar R. XI, § 11(b). Bar Counsel was notified of the suspension by the Maryland Court of Appeals, and in turn, reported the suspension to this court. As a result, respondent was suspended on an interim basis on October 6, 2003, pursuant to D.C. Bar R. XI, § 11(d). The court also referred the matter to the Board on Professional Responsibility ("Board") and directed it to recommend whether identical, greater, or lesser discipline should be im-

1. Reinstatement in Maryland was conditioned upon respondent consulting with the Lawyers' Assistance Program of the Maryland State Bar.

posed as reciprocal discipline, or whether the Board, instead, elects to proceed *de novo* pursuant to D.C. Bar R. XI, § 11. On November 3, 2003, respondent filed an affidavit with the Board and Bar purporting to comply with D.C. Bar R. XI, § 14(g). However, the affidavit did not fully comply with the rule as it was not filed with this court, did not provide proof of notice to adverse parties, failed to list all jurisdictions in which respondent was admitted to practice law, or provide respondent's current address in the body of the affidavit. Respondent was notified on January 22, 2004, of these deficiencies, but he has not responded or complied with D.C. Bar R. XI, § 14(g).

In its Report and Recommendation submitted on December 29, 2004, the Board recommended to the court that it impose identical reciprocal discipline, suspend respondent for nine months, and condition reinstatement upon submitting proof that he has been readmitted in Maryland or otherwise makes an affirmative showing that he has complied with the four conditions imposed by the Maryland Court of Appeals. Respondent's suspension should run from the date he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g). The Office of Bar Counsel has informed the court that it takes no exception to the Board's Report and Recommendation. Respondent did not participate in the proceedings before the Board, having filed no response to Bar Counsel's statement on reciprocal discipline, and he has not filed any exceptions to the Board's recommendation.

Considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), and given the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995); D.C. Bar R. XI, § 11(f), we hereby adopt the Board's recommendation, and it is

ORDERED that James E. Joyner be suspended from the practice of law in the District of Columbia for the period of nine months, reinstatement conditioned on respondent submitting proof that he has been readmitted in Maryland or otherwise making an affirmative showing that he has complied with the four conditions imposed by the Maryland court. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*