### In re Stanley Kirkland FOSHEE, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 420761).**

No. 05–BG–442.

District of Columbia Court of Appeals.

Submitted April 13, 2006.

Decided April 27, 2006.

Before FARRELL and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The respondent, Stanley Kirkland Foshee, has been a member of the Bar of this

---

court since October 23, 1989. Respondent was also a member of the Bars of the Commonwealth of Virginia, the State of West Virginia, and the United States Supreme Court. In 1996, the respondent was retained to pursue claims arising out of an automobile accident, and his first ethical violation occurred almost immediately when he presented his client with a fee agreement which included "confusing, unreasonable, and oppressive provisions." *In the Matter of Stanley Kirkland Foshee, Esq.*, VSB Docket No. 02–042–2942. He then filed suit on his client's behalf, but he failed to respond to discovery requests and nonsuited the action[1] without informing his client or first obtaining her permission. It appears that respondent next failed to reinstate his client's action and, in February 2002, instead of telling her he had dismissed it, told her she could not win and there was nothing more he could do. In addition, in November 2001, respondent promised his client he would give a promissory note to her health care provider and pay her outstanding bill. He failed to do either of these things, and also neglected to tell his client or her health care provider that just one month earlier he had been administratively suspended from practicing law in Virginia.

The matter came before the Disciplinary Board of the Virginia State Bar, which, pursuant to an Agreed Disposition between the Virginia State Bar and the respondent, issued an order finding that his actions had violated certain provisions of the Virginia Code of Professional Responsibility and Rules of Professional Conduct.[2] The Virginia Board directed that respondent be suspended for three years and ordered him to pay $3,200 to his client's health care provider. Respondent reported his suspension to this court and on June 21, 2005, it issued an order temporarily suspending him pursuant to D.C. Bar R. XI, § 11(d), and directing the Board on Professional Responsibility ("Board") to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.

On November 30, 2005, the Board submitted its report which recommends imposing the identical reciprocal discipline of a three-year suspension with reinstatement subject to the same conditions imposed by Virginia in its suspension. Bar Counsel informs us that he takes no exception to the Board's report and recommendation, and no exceptions have been filed by the respondent.[3]

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, it will impose the sanction recommended by the Board "unless to do so would foster a

1. *See* VA. CODE ANN. §§ 8.01–380, 8.01–229.

2. Specifically: DR 1–102(A)(3) & Rule 8.4(b) (commission of a deliberately wrongful act reflecting adversely on the lawyer's fitness); DR 1–102(A)(4) & Rule 8.4(c) (dishonesty); DR 2–105(A) (reasonableness of fee); DR 2–105(C) (explanation of contingent fee); DR 6–101(A)(1), (2) (competence); DR 6–101(B) & Rule 1.3(a) (promptness); DR 6–101(C) & Rule 1.4(a) (keeping client reasonably informed); DR 6–101(D) & Rule 1.4(c) (advising client of communications from another party); DR 7–101(A)(1) (intentional failure to seek lawful objectives of client); DR 7– 101(A)(2) & Rule 1.3(b) (intentional failure to carry out contract of employment); DR 7– 101(A)(3) & Rule 1.3(c) (intentional prejudice or damage to client), and Rules 1.4(b) (explaining matter to client) and 5.5(a) (unauthorized practice of law).

3. Respondent has, however, submitted a letter from Virginia Bar Counsel and a copy of a certified check to his client's health care provider. Both documents indicate that he has complied with the payment required by his Virginia sanction.

tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Particular deference is due in this case because neither Bar Counsel nor respondent has opposed the Board's report and recommendation. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As the Board's findings are supported, and its recommended sanction does not constitute an inconsistent disposition, we accept both. Accordingly, it is

ORDERED that Stanley Kirkland Foshee is suspended from the practice of law in the District of Columbia for a period of three years with reinstatement subject to his satisfaction of the same conditions applicable to his reinstatement in Virginia. Moreover, for the purpose of seeking reinstatement to this Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*