## In re Alan S. TOPPELBERG, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 230185).

No. 06–BG–860.

District of Columbia Court of Appeals.

Sept. 21, 2006.

Before FARRELL and KRAMER, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

■ In this original disciplinary matter, the respondent, Alan S. Toppelberg, failed to disburse funds to two providers after a personal injury case he was responsible for had settled. The Board on Professional Responsibility "Board" has concluded that respondent violated rules 1.15(a), 1.15(b), 5.3, 8.1(b), 8.4(d) of the District of Columbia Rules of Professional Conduct, and D.C. Bar R. XI, § 2(b)(3), by failing to keep appropriate trust account records, failing to notify and promptly pay third parties, failing to supervise employees, failing to cooperate with a disciplinary authority, interfering with the administration of justice and failing to comply with a court order.

■ The Board has issued a recommendation, departing from the Hearing Committee's suggestion to censure respondent,

that respondent be suspended for 60 days, with 30 days of that period held in abeyance in lieu of one year of supervised probation, during which respondent should consult with the Practice Management Advisory Service ("PMAS"), implement its recommendations, and submit a compliance report to the Board and Bar Counsel that has been prepared and certified by the respondent and signed by a PMAS representative, detailing the management reforms implemented and describing the purposes to be achieved by each reform.[1] Neither respondent nor Bar Counsel have taken an exception to the Board's report,[2] thus our deference to its recommendations is heightened. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We will adopt the recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). We find nothing in the record before us to conclude that this sanction is unwarranted or inconsistent.

Accordingly, it is

ORDERED that the respondent Alan S. Toppelberg be and is hereby suspended for 60 days, effective thirty days from the date of this opinion. *See* D.C. Bar R. XI, § 14(f). Thirty days of the suspension period is hereby held in abeyance in lieu of one year of supervised probation. During the probationary period, respondent shall consult with the Practice Management Advisory Service ("PMAS"), implement their recommendations and submit a compliance report to the Board and Bar Counsel. The report shall be prepared and certified by the respondent and signed by a PMAS

representative. It shall detail the management reforms implemented and describe the purposes to be achieved by each reform. It is

FURTHER ORDERED that for the purposes of reinstatement, the time will not commence until respondent complies with the affidavit. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement under § 16(c).

*So ordered.*

---

1. The Board noted that respondent has twice received informal admonitions for similar misconduct.

2. Bar Counsel initially disagreed with the Board's conclusions that respondent did not violate Rule 1.3(b)(2), but acknowledged that such a finding would not impact the sanction imposed by the Board. Bar Counsel stipulated that it would waive the exception provided respondent did not file an exception to the report and recommendation.