In re Edwin G. DRAKE, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 434136).**

No. 06–BG–1391.

District of Columbia Court of Appeals.

Submitted Feb. 28, 2008.
Decided March 20, 2008.

Before FARRELL, KRAMER and FISHER, Associate Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Edwin G. Drake, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of disbarment be imposed.

Respondent, Edwin G. Drake, has been a member of the bar of this court since 1992, although he has been administratively suspended for failure to pay dues since September 30, 2004. On May 4, 2006, the Florida Supreme Court approved a referee's report and disbarred respondent, directing that he pay restitution as set forth under the terms and conditions contained in the referee's report and comply with all other terms of that report. The disbarment was the result of respondent engaging in massive misappropriation of client funds, commingling of personal funds with client trust accounts, and abandonment of his practice. Respondent received actual notice of the charges, was afforded opportunities to be heard, and failed to participate in the Florida proceedings. The referee found twenty-six violations of the Florida disciplinary rules in the course of representing six clients. A Florida compliance audit found ongoing shortages from January 1, 2001 through April 30, 2004, ranging from $171,610 to $362,122 at the close of the audit period. Having failed to maintain trust accounting records or to comply with trust accounting procedures, in addition to the refusal to communicate with two clients, there was sufficient grounds to support disbarment.

Respondent failed to report the Florida disbarment to Bar Counsel. Upon discovery through the ABA National Lawyer Regulatory Data Bank, Bar Counsel filed a certified copy of the Florida disbarment with this court, and we issued an order on December 28, 2006, suspending respondent until final resolution of this matter. *See* D.C. Bar R. XI, § 11(d). Additionally, we directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. The Board recommends imposing identical discipline of disbarment. In addition, the Board recommends as a condition to seeking reinstatement, that respondent should be required to demonstrate that he has fully complied with the disciplinary order entered against him in Florida. Neither

**1036**

Bar Counsel nor respondent has opposed the Board's recommendation.[1]

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C. 1995), and considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation and note that respondent's actions would warrant disbarment in our jurisdiction. *See also In re Carlson,* 745 A.2d 257, 259 (D.C.2000) (finding that misappropriation alone is sufficient to warrant the sanction of disbarment). Accordingly, it is

ORDERED that Edwin G. Drake is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, respondent shall first demonstrate that he has fully complied with the disciplinary order entered against him in Florida. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g) and again direct his attention to the requirements of that rule and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. Although respondent has not participated in these proceedings, he was afforded notice and an opportunity to be heard.