**In re Daniel S. WITTENBERG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 441858).**

**No. 07–BG–1017.**

District of Columbia Court of Appeals.

April 3, 2008.

---

Before BLACKBURNE–RIGSBY and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Respondent, Daniel S. Wittenberg, is a member of the bars of this court and the States of Colorado and California. This reciprocal disciplinary matter stems from a self-reported, stipulated disciplinary action in Colorado, wherein respondent was suspended by the Supreme Court of Colorado, but the suspension was stayed upon his successful completion of a two-year probationary period with conditions.[1] In the stipulation agreement, respondent admitted to falsely submitting travel expenses to his law firm to be billed to a client. Although the client was never actually billed for the expenses, respondent reported the matter to his firm, and self-reported the incident to the Colorado Bar.

Respondent self-reported the discipline to the District of Columbia Bar on June 28, 2007, and Bar Counsel filed a copy of the Colorado disciplinary order with this court. We then referred the matter to the Board on Professional Responsibility

("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. See D.C. Bar R. XI, § 11. Respondent filed a letter with the court stating that he would not challenge imposition of identical reciprocal discipline.

In its report and recommendation, submitted on February 29, 2008, the Board concluded that respondent should receive the identical reciprocal discipline of a 90–day suspension, stayed in favor of two years probation subject to the conditions imposed by the State of Colorado. And because respondent self-reported, the probationary period should run concurrent to the probation in Colorado. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation.

In light of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough*, 654 A.2d 1285 (D.C. 1995), and considering the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation, as it is not inconsistent with discipline recommended in similar cases. *See, e.g., In re Bikoff*, 748 A.2d 915 (D.C.1995). Therefore, it is

ORDERED that Daniel S. Wittenberg is hereby suspended from the practice of law in the District of Columbia for the period of ninety days. The suspension is hereby stayed for a period of two years probation, subject to the conditions imposed by the State of Colorado. For the purposes of probation, this period commenced on the

1. Respondent was not to engage in any further violation of the Colorado Rules of Professional Conduct during the period of probation. Respondent was required to attend and successfully pass a one-day ethics course. Finally, respondent was to continue counseling with a therapist.

date when the Colorado probationary period began, *i.e.*, June 19, 2007. Lastly, if Colorado revokes its probation, respondent shall immediately notify this court.

*So ordered.*