*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-1504

IN RE CHARLES MALALAH, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 978801)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-512-10)

(Submitted October 24, 2014                    Decided October 30, 2014)

Before WASHINGTON, *Chief Judge*, FISHER, *Associate Judge*, and FARRELL, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility found that respondent Charles Malalah intentionally misappropriated client funds and violated other rules of professional conduct. It recommends that he be disbarred.

This court will accept the Board's findings of fact as long as they are supported by substantial evidence in the record, D.C. Bar R. XI, § 9 (h)(1), as is true here. Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for

comparable conduct or would otherwise be unwarranted." *Id.* We find no such inconsistency in this case. *See In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc) (disbarment is the appropriate sanction for intentional misappropriation).

Our deference to the Board is heightened in this case by the fact that neither Bar Counsel nor respondent has opposed its report and recommendation. D.C. Bar R. XI, § 9 (h)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997). Indeed, respondent did not participate at all in these disciplinary proceedings. We accept the Board's findings and recommendation and it is, accordingly,

ORDERED that Charles Malalah is hereby disbarred from the practice of law in the District of Columbia. For the purposes of seeking reinstatement, respondent's disbarment will be deemed to have commenced on the date he files an affidavit that complies with D.C. Bar R. XI, § 14 (g). As a condition of reinstatement, respondent shall return to his client $33,333.33 plus interest at the legal rate of 6% calculated from the date he withdrew the funds from his IOLTA account.

*So ordered.*