*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-690

IN RE THOMAS M. TAMM, RESPONDENT.

FILED 8/25/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 958744)

On Report and Recommendation of the Board on Professional Responsibility
Hearing Committee Number One

Approving Petition for Negotiated Discipline
(BDN 195-15)

(Decided: August 25, 2016)

Before THOMPSON and BECKWITH, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Hearing Committee Number One ("the Committee") recommends approval of an amended petition for negotiated attorney

discipline. The violation stems from respondent Thomas M. Tamm's professional misconduct arising from disclosure of confidential information of his client to a reporter.

Based upon respondent's recognition that during the course of his employment as a lawyer for the United States Department of Justice Office of Intelligence Policy and Review he provided a reporter with information that constituted "confidences" or "secrets," he admittedly violated Rule 1.6 of the District of Columbia Rules of Professional Conduct. The Committee considered the following circumstances in mitigation: (1) respondent cooperated with Disciplinary Counsel; (2) respondent's sole intent was to further government compliance with the law; (3) respondent made limited disclosure of the information; (4) respondent did not receive any financial compensation from disclosure of the information; and (4) the investigation of this matter had been stressful and expensive. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a public censure. The Committee reviewed the amended petition and supporting affidavit and concluded, after the limited hearing on the revised petition, that the revised petition for negotiated discipline should be approved.

We accept the Committee's recommendation because it properly applied D.C. Bar R. XI § 12.1 (c) to arrive at this conclusion, and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a public censure is not unduly lenient considering the existence of mitigating factors and the discipline imposed by this court for a typical Rule 1.6 violation without any aggravating factors.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Thomas M. Tamm be, and hereby is, publicly censured.

*So ordered.*

---

[1] *See In re Ponds*, 876 A.2d 636 (D.C. 2005) (agreeing that a public censure is a reasonable and appropriate sanction for improperly disclosing confidential information in a motion to withdraw as defense counsel for a client); *In re Gonzalez*, 773 A.2d 1026 (D.C. 2001) (directing the issuance of an informal admonition after the attorney submitted a motion to withdraw as counsel that revealed client secrets).