**In re Ralph T. MABRY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–1299.**

District of Columbia Court of Appeals.

Submitted May 18, 2004.
Decided June 3, 2004.

Before RUIZ and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On November 24, 2003, the Board on Professional Responsibility filed with this court a report recommending that Ralph T. Mabry be publicly censured. The recommendation is based on findings by an *ad hoc* hearing committee, accepted by the Board, that Mabry transgressed D.C. Rules of Professional Conduct 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority) and 8.4(d) (serious interference with the administration of justice), as well as D.C. Bar R. XI, § 2(b)(3) (failure to comply with an order of the Board). Despite agreement on the factual findings, the Board's recommended sanction departs from that of the committee, which urged a 30–day suspension with reinstatement contingent on proof of rehabilitation and fitness to resume the practice of law. *See* D.C. Bar R. XI, § 3(a)(2). In the event that we ultimately agree with the committee's recommended suspension, the Board alternatively advises against requiring proof of fitness because it is unwarranted under the standard for imposition that the Board enunciated in *In re Cater*, a separate case currently pending before this court. BDN337–99, 139–01, 372–01, 428–01 (June 26, 2003) (concluding that proof of rehabilitation may be properly imposed in failure to respond cases where a "serious doubt" about the respondent's fitness is shown) (pending before this court in appeal number 03–BG–624). Instead, the Board recommends that Mabry be required to submit quarterly reports of attendance and compliance from the D.C. Bar's Lawyer Counseling Program. Bar counsel has informed us that she takes no exception to the Board's factual findings or the recommendation of public censure. Bar counsel does not concur, however, with the Board's test for determining when a fitness requirement may be properly imposed in conjunction with suspension, and has already lodged her objections to this standard in *In re Cater*. Mabry has not excepted to the Board's recommendation. Because we agree that ordering public censure and requiring quarterly reports in this case is in keeping with precedent, we adopt the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(1) (providing that

the court "shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

The present charges concern Mabry's persistent failure to cooperate with Bar Counsel in the investigation of a complaint filed by one of Mabry's former clients alleging that he neglected to perform contracted legal services. Although Mabry eventually disputed the client's claims, he stipulated to both the relevant facts, at least in critical part, and the legal conclusion that he violated the foregoing rules of professional ethics in failing to respond to Bar Counsel. Briefly stated, Mabry was exceptionally dilatory. Despite having been served with the client complaint or other requests for information by Bar Counsel on three separate occasions—once by professional process server—as well as an order of the Board directing him to respond to the complaint, Mabry did not file an answer, but delivered to Bar Counsel a written reply on the same day as the evidentiary hearing more than a year after the proceedings had been initiated. The delay was exacerbated by Mabry's requests for two (generously granted) extensions of time, neither of which concluded with the production of any information. Mabry explained at the hearing that his behavior was a manifestation of "acute depression," for which he had been hospitalized in June 2000 for approximately one week. He testified that shortly after receiving the first request for information from Bar Counsel, he entered the D.C. Bar's Lawyer Counseling Program and began a course of outpatient psychiatric care, and that, as of the date of the hearing, he only intermittently kept his medical appointments but remained on antidepres-sant medication. He attributed the deterioration of his mental health to a collapsed marriage and the consequent burden of caring for his children alone. Under these personal and familial pressures, Mabry withdrew over the course of the preceding year from all of his cases and declined to represent any new clients.

The Board concluded that the record and existing caselaw did not support the hearing committee's recommended thirty-day suspension, but rather, the less severe sanction of public censure. While prior cases concerning failure to respond to disciplinary authorities support the imposition of sanctions ranging from Board reprimand to thirty-day suspensions with attending fitness requirements, *see In re Taylor*, BDN504-98 (April 26, 2001) (imposing Board reprimand); *In re Beller*, 802 A.2d 340, 341 (D.C.2002) (imposing 30–day suspension); *In re Giles*, 741 A.2d 1062, 1062 (D.C.1999) (same with fitness requirement), the Board reasoned that this case is most analogous to *In re Nielsen*, 768 A.2d 41 (D.C.2001), in which we agreed with the Board that the respondent should receive a public censure. *See id.* at 41. In both *Nielsen* and the present case, argues the Board, "the respondents were dilatory in responding to Bar Counsel inquiries and a Board order with respect to a single ethical matter, but ultimately, did respond ... and participated in their hearings." The Board contends that *In re Steinberg*, 761 A.2d 279 (D.C.2000), upon which the committee relied in recommending suspension with a fitness requirement, is distinguishable because it concerned two separate matters, affirmative wrongdoing on the part of the respondent in avoiding service of process, and a history of prior discipline—none of which is present here. *See id.* at 282 & n. 4. Thus, claims the Board, the imposition of public censure in this case satisfies the need to punish dila-

tory tactics while appropriately reserving harsher punishment for graver abuses involving "utter indifference to the disciplinary system" or a pattern of (previously disciplined) misconduct.

Based on Mabry's stipulations, we conclude that the Board's findings are substantially supported by the record. *See* D.C. Bar R. XI, § 9(g)(1). We are satisfied, moreover, that the Board's measured reasoning with regard to the appropriate sanction does not evince a tendency toward inconsistent dispositions. *See id.* The court gives heightened deference to the Board's report and recommendation when, as here, no exception has been taken by either Bar Counsel or the respondent.[1] *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Thus, we accept the Board's findings and adopt the recommended sanction. It is accordingly,

ORDERED that Ralph T. Mabry be, and hereby is, publicly censured; it is

FURTHER ORDERED that Ralph T. Mabry participate in the D.C. Bar's Lawyer Counseling Program and submit quarterly reports of attendance and compliance from the program until he is released from the program.

*So ordered.*

---

[1] We noted above that Bar Counsel reiterated her objection to the "serious doubt" standard utilized by the Board in determining when proof of rehabilitation and fitness to resume the practice of law may be imposed in conjunction with suspension. Because we conclude that public censure is appropriate here, we need not reach the arguments addressed to the Board's alternate recommendation.