**In re Robert P. KAUFMAN,**
**Respondent.**

**A Member of the Bar of the District of**
**Columbia Court of Appeals (Bar**
**Registration No. 375715).**

**No. 05–BG–396.**

District of Columbia Court of Appeals.

June 30, 2005.

---

1. Senior Judges Kern and Nebeker were members of the divisions assigned to consider *Stancil* and *Greene,* respectively. They will, therefore, pursuant to D.C.Code § 11–705(d), participate in the en banc consideration of the cases as to which they were members of the division. Senior Judge Kern is a member of the division that denied rehearing, as reflected herein.

Before TERRY and GLICKMAN,
Associate Judges, and STEADMAN,
Senior Judge.

PER CURIAM.

The Board on Professional Responsibility ("the Board"), accepting the report of a Hearing Committee, has found that respondent violated Rules 8.1(b) (failure to respond to disciplinary authority) and 8.4(d) (serious interference with the administration of justice) of the Rules of Professional Conduct, and D.C. Bar Rule XI, § 2(b)(3) (failure to comply with an order of the Board).

 Respondent's misconduct occurred during the course of Bar Counsel's investigation of a disciplinary complaint filed against him. In the course of that investigation, respondent did not respond to Bar Counsel's letters, regardless of whether they were mailed to his address listed with the District of Columbia Bar, served by messenger, sent by certified mail, or transmitted by fax. Further, respondent did not comply with the Board's order to respond to Bar Counsel inquiries, nor did he file an answer to Bar Counsel's Specification of Charges, which was personally served on him. Eventually, however, respondent did appear before the Hearing Committee, which granted his request for a continuance and ordered him to file an answer. In that answer, respondent admitted the conduct alleged and conceded that he had violated Rule 8.1(b), Rule 8.4(d), and D.C. Bar Rule XI. The Board accepted the Hearing Committee's conclusions concerning the rule violations and adopted its recommendation that a sanction of public censure be imposed. The Office of Bar Counsel has informed the court that it takes no exception to the Board's report and recommendation, and respondent has filed no exceptions either; we therefore give heightened deference to the Board's recommendation. *See* D.C. Bar Rule XI, § 9(g)(2); *In re Hitselberger,* 761 A.2d 27 (D.C.2000); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

This court will accept the Board's factual findings when they are supported by substantial evidence in the record. D.C. Bar Rule XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* There is substantial

support in the record for the Board's findings, and therefore we accept them. Likewise, we adopt the sanction recommended by the Board, since it is not inconsistent with discipline imposed in similar cases involving failure to cooperate with a disciplinary investigation by Bar Counsel. A public censure falls within the range of sanctions for comparable violations. *See, e.g. In re Mabry,* 851 A.2d 1276, 1277 (2004); *In re Nielsen,* 768 A.2d 41 (D.C. 2001). Accordingly, it is

ORDERED that Robert P. Kaufman be, and hereby is, publicly censured.