## In re Robert A. SAPERO.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 186775).

#### No. 07–BG–951.

District of Columbia Court of Appeals.

Feb. 14, 2008.

Before GLICKMAN and FISHER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

Respondent Robert A. Sapero, a member of the bars of this court and the State of Maryland, is the subject of a reciprocal disciplinary proceeding. On August 1, 2007, the Court of Appeals of Maryland publicly reprimanded respondent for his failure to provide a settlement sheet to his clients in a personal injury action, his failure to properly manage his trust account and consequent commingling of his own funds with those of his clients, and failure to respond to a written request for information from Maryland Bar Counsel. *Attorney Grievance Comm'n v. Sapero,* 400 Md. 461, 929 A.2d 483 (2007). Respondent did not report the reprimand to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of the disciplinary order from the Maryland Court, Bar Counsel filed a certified copy of the order with this court. Consequently, we referred the matter to the Board on Professional Responsibility ("Board") and directed the Board to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board would elect to proceed *de novo* pursuant to D.C. Bar R. XI, § 11.

On December 19, 2007, the Board concluded that respondent's conduct warranted reciprocal discipline in this jurisdiction, and recommends a public censure, a sanction functionally equivalent to the public reprimand issued in Maryland. *See In re Miller,* 883 A.2d 105, 106 (D.C.2005) (citing *In re Bell,* 716 A.2d 205, 206 (D.C.1998)). We also agree that a public censure is a reasonable sanction in this case and is not inconsistent with discipline imposed in similar cases. *See, e.g., In re Kaufman,* 878 A.2d 1187 (D.C.2005); *In re Teitelbaum,* 686 A.2d 1037 (D.C.1996). Our deference to the Board's recommendation in this instance is heightened because neither Bar Counsel nor respondent opposed it. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Accordingly, it is

ORDERED that Robert A. Sapero be, and hereby is, publicly censured.

*So ordered.*