**In re Joyce A. WILSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 386711).**

**No. 08–BG–375.**

District of Columbia Court of Appeals.

Submitted July 2, 2008.

Decided July 31, 2008.

Before KRAMER, Associate Judge, and KING and STEADMAN, Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in determining that the findings of a Hearing Committee were supported by substantial evidence in the record, has found that Joyce A. Wilson[1] violated Rules 1.15(a) (intentional misappropriation), 3.3(a)(1) (making false statements to a tribunal), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.1(b) (failing to respond to Bar counsel's inquiries), 8.4(d) (conduct that seriously interfered with the administration of justice), and D.C. Bar R. XI, § 2(b)(3) (failing to comply with an order compelling the respondent to respond to the allegations in Bar Counsel's complaint). The Board recommends disbarment; we adopt the Board's recommendation.

Respondent's misconduct occurred during the course of proceedings in connection with her 1998 appointment as the guardian of a ward of the state in the District of Columbia. Respondent's responsibilities as guardian included the filing of annual accountings of the ward's assets. From 1993 to 2004, respondent filed the required annual accountings but the filings were often late. In 2004, an auditor for the Register of Wills found discrepancies in the 2004 accounting and sought further information from respondent. A summary hearing was scheduled before the probate court but respondent did not appear for that hearing nor the rescheduled hearing;

---

1. Respondent was admitted by motion to the District of Columbia Bar on February 26, 1985, but according to the District of Colum- bia Bar website, she was subsequently suspended for non-payment of dues.

whereupon, the probate court removed respondent and appointed another attorney as successor guardian.

The successor guardian made numerous unsuccessful attempts to locate respondent, including visiting her addresses listed with the District of Columbia Bar and hiring a private investigator. When no responses were forthcoming and when the successor guardian could not account for some of the withdrawals that respondent had made from the estate, the successor guardian requested that the probate court assign the Auditor–Master to complete the final accounting. The court granted the request, and the Auditor–Master began the investigation and scheduled a meeting sending notice to respondent at her address listed in the court file. The Auditor–Master also called respondent's home and spoke to her mother; however, respondent did not appear for the meeting. Following further investigation, the Auditor–Master issued a formal report concluding that respondent should be held liable for unauthorized withdrawals from the ward's estate totaling $10,000.19. These withdrawals included several checks written by respondent to herself, to her mother, and to a merchant to pay the last installment on respondent's son's class ring. The Auditor–Master also determined that respondent filed falsified bank statements with her final accounting of the ward's assets. Neither respondent nor any other party objected to the Auditor–Master's report. The probate court approved the Auditor–Master's report and entered judgment against respondent for $10,000.19 plus judgment interest and costs. *See In re Deandre Davis*, No. 1997 GDN 73 (D.C.Super.Ct. March 14, 2007).

In September 2006, Bar Counsel began his investigation of respondent's conduct. A notice of the investigation and a request for a response was sent to respondent on two occasions but those went unanswered. The Board then issued an order compelling respondent to respond to Bar Counsel. Again, no response was received. After a formal disciplinary proceeding was initiated, respondent did not participate at any stage of the disciplinary proceeding.

 The Board concurred with the Hearing Committee's recommendation of disbarment. No exception has been taken to its report and recommendation. Therefore, the court gives heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them.[2] Specifically, the record establishes that respondent intentionally misappropriated assets from the estate for which she was guardian and falsified documents to avoid detection. Therefore, we adopt the sanction recommended by the Board as respondent's misconduct includes misappropriation, which alone warrants disbarment in this jurisdiction. *See In re Carlson*, 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc)). Accordingly, it is

ORDERED that Joyce A. Wilson is hereby disbarred from the practice of law

---

**2.** It should be noted that the Board agreed with the Hearing Committee that respondent should not be required to make restitution as a condition of reinstatement because the estate has been made whole by the surety that respondent paid to guarantee the assets of the estate. The Board further noted that there was not sufficient evidence in the record to allow it to make a recommendation on whether restitution to the surety should be required nor was it an issue within the Board's competence as the legal arrangement between a surety and its client can be complex and could be impacted by contracts not contained in the record. *See In re Cater*, 887 A.2d 1, 19 (D.C.2005).

in the District of Columbia. Respondent's disbarment shall run, for the purposes of reinstatement, from the date she files the affidavit required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*