### In re Ralph T. MABRY, Jr., Respondent.

An Administratively Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 955633).

#### No. 10–BG–1374.

District of Columbia Court of Appeals.

Jan. 27, 2011.

Before BLACKBURNE–RIGSBY, Associate Judge, and TERRY and FARRELL Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") has found that respondent, Ralph T. Mabry, Jr., Esquire, violated eleven Rules of Professional conduct, including findings that he intentionally misappropriated client funds (Rule 1.15(a)); failed to competently and zealously represent his client (Rules 1.1(a) and (b) and

---

1.3(a) and (c)); failed to protect his client's interests once removed (Rule 1.16(d)); failed to deliver funds and records to his client (Rule 1.15(b)); engaged in dishonest conduct (Rule 8.4(c)); failed to seek his client's lawful objectives and intentionally prejudiced or damaged his client (Rule 1.3(b)(1) and (b)(2)); and seriously interfered with the administration of justice (Rule 8.4(d)). In light of these violations the Board has concluded that he should be disbarred and that any reinstatement be conditioned on his payment of restitution in the amount of $12,003.66, plus interest, representing the amount of unaccounted funds withdrawn from the Estate.

Respondent's misconduct occurred during his brief appointment as the Personal Representative for the Estate of Norvel Lee. In brief, after respondent was appointed as a successor Personal Representative in 1998, he filed one report in September 1998 that identified one bank account that held $21,481.80. Thereafter, until he was removed in August 1999, respondent failed to file any inventory or accounting and wrote five checks on the Estate's account. Since no inventory was filed, it is unclear to whom the checks were issued, or their purpose. Additionally, once respondent was removed as Personal Representative by the trial court, he wrote two additional checks on the account totaling $10,500.00. Respondent also failed to turn over the Estate's files and financial records to the newly appointed Personal Representative. When the newly appointed Personal Representative took over the Estate, its assets consisted of $9,395.57. The trial court appointed an auditor master to perform an accounting. The auditor master sought information from the respondent, but after a thorough search, respondent could not be located. Therefore, the report from the auditor master was based on reconstructed facts and information from heirs, who stated that they had not received any proceeds or payments from respondent. After receiving the auditor's report, the trial court entered two judgments against respondent in the amount of $17,626.57.

The matter was then referred to Bar Counsel, who opened an investigation in 2007. Thereafter, Bar Counsel sought to contact respondent; however, even with the use of a process server and investigator, Bar Counsel was unable to locate respondent.[1] Further, respondent failed to update his address with the Bar, resulting in the Office of Bar Counsel filing a request with this court for permission to serve respondent by publication. That request was granted.[2]

After service was made by publication, the matter was referred to an Ad Hoc Committee of the Board that conducted a hearing and issued a twenty-seven page report. The committee concluded that respondent's conduct violated each of the Rules of Professional Conduct listed above. The committee further concluded that except for the check to pay a surety fee, there was sufficient evidence to determine that respondent intentionally misappropriated money from the Estate. The Board concurred with the findings and recommendation of the hearing committee. Bar Counsel has filed a statement that he takes

---

1. Bar Counsel contacted respondent's family and was informed that he had left the family home in 2002 and that they had no contact with respondent since that time. Further, the family stated that when they sought to locate him in 2007, they were unsuccessful.

2. *See In re Ralph T. Mabry, Jr.,* no. 09–BG–951 (Aug. 27, 2009). Bar Counsel's last contact with respondent was during a prior disciplinary matter in 2000 and 2001 that resulted in a public censure. *See In re Mabry,* 851 A.2d 1276 (D.C.2004).

no exception to the report and recommendation. [Respondent has not participated.]

 This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Here, although much of the evidence is circumstantial, it demonstrates that respondent intentionally misappropriated money from the Estate. We agree with the Board that, except for $75.00 respondent used to pay the premium of his surety bond, respondent intentionally misappropriated all other funds taken from the Estate in violation of Rule 1.15(a), at a time when he had exclusive control of the Estate account.[3] Moreover, the court will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We find no such inconsistency in this case. See *In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc) (disbarment is the appropriate sanction for intentional misappropriation). Finally, our deference to the Board in this case is heightened by the fact that neither Bar Counsel nor respondent has opposed its report and recommendation. D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997). We therefore accept the Board's findings and recommendation and it is, accordingly,

ORDERED that Ralph T. Mabry, Jr., Esquire, is hereby disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, respondent's disbarment will be deemed to have commenced on the date he files an affidavit in compliance with D.C. Bar R. XI, § 14(g). Additionally, for purposes of reinstatement, respondent must demonstrate that he has reimbursed the Estate, its beneficiaries, and/or the Clients' Security Fund in the amount of $12,033.66 plus accrued interest.

*So ordered.*

---

**3.** *See In re Wilson*, 953 A.2d 1052 (D.C.2008) (wherein the court found that an appointed guardian for a ward intentionally misappropriated funds when she (1) failed to file required court accounting, (2) failed to respond to an appointed auditor master's inquiry for an accounting of fund disbursements during her appointment as guardian, once her appointment had been vacated, and the Board found that respondent had written checks to herself and family members and (3) where she had failed to respond to Bar Counsel's inquires and subpoenas); and Rules of Prof. Conduct R. 1.15(a) (misappropriation does not require a finding that the respondent used the funds for his own personal use).