### In re Geraldine H. OWENS, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 02–BG–788.

District of Columbia Court of Appeals.

Decided Sept. 26, 2002.

---

Before REID and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("the Board") found that respondent Geraldine H. Owens violated Rules 3.3(a)(1), 8.4(c), and 8.4(d) of the District of Columbia Rules of Professional Conduct when she made false statements, one of them under oath, to an administrative law judge. Respondent made these false statements to cover up the fact that she

had attempted to eavesdrop on testimony in violation of the judge's sequestration order. Respondent's false statements were motivated by her desire to avoid embarrassment to herself and protect her client from any adverse consequences of her misconduct. As discipline for these violations, the Board recommends a thirty-day suspension.[1]

■ This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). We will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Our deference to the Board is heightened in this case because neither Bar Counsel nor respondent has opposed the Board's report and recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

We accept the Board's findings and adopt its recommendation. Accordingly, it is

■ ORDERED that Geraldine H. Owens is suspended from the practice of law in the District of Columbia for the period of thirty days, effective thirty days from the date of this opinion. *See* D.C. Bar R. XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. Three members of the Board filed a dissenting statement in which they recommend that respondent's suspension be stayed in favor of one year of unsupervised probation with the condition that respondent take two Continuing Legal Education classes on professional responsibility and ethics.