**In re Jeffrey E. GONZALEZ–PEREZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 457816).**

**No. 06–BG–1359.**

District of Columbia Court of Appeals.

Decided March 1, 2007.

Before KRAMER and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that Jeffrey E. Gonzalez–Perez[1] violated Rules 3.3(a) (making false statements to a tribunal), 5.5(a) (unauthorized practice of law), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (conduct that seriously interfered with the administration of justice). Respondent's misconduct occurred during the course of proceedings in four matters before the U.S. Citizenship and Immigration Service where he entered appearances falsely stating that he was a member in good standing of the D.C. Bar. After learning of respondent's suspensions from practicing in the District of Columbia and Virginia, the U.S. Citizenship and Immigration Service suspended him from practice before the Board of Immigration Review, the Immigration Courts, and the Department of Homeland Security. On February 9, 2005, Bar Counsel docketed the filing of an ethics complaint against respondent and opened an investigation. Thereafter, Bar Counsel sent two letters to respondent's address listed with the D.C. Bar that included a copy of the complaint and directed respondent to file a response within ten days. Both letters were returned to Bar Counsel. On April 6, 2005, the Board granted Bar Counsel's motion to compel respondent to answer the complaint. Copies of that order were sent to respondent's office and home address, the former was returned but the latter was not. Respondent did not respond to the ethics complaint in accordance with the Board's order. On October 17, 2005, Bar Counsel served a copy of the Specification of Charges and Petition Instituting Formal Disciplinary Proceedings to respondent. Respondent filed an Answer to the Specification of Charges at the disciplinary hearing, in which he stipulated to the facts in this matter, presented no mitigating evidence, and acknowledged the severity of his failure to respond to Bar Counsel and the Board's order. The Board Report notes that since that hearing, respondent has neither filed a brief with the Hearing Committee nor acknowledged to the Board that he received a copy of the Hearing Committee Report.

---

1. Respondent was admitted to the D.C. Bar on March 9, 1998. He was administratively suspended from the D.C. Bar for non-payment of dues on September 30, 1998. He was also administratively suspended from the Virginia Bar for non-payment of dues on February 3, 2006.

The Board agreed with the Hearing Committee's conclusions regarding the rule violations but did not agree with the Hearing Committee's sanction recommendation of a six-month suspension. Instead, the Board recommends a 90–day suspension distinguishing this matter from a case that the Hearing Committee relied on, *In re Soininen*, 853 A.2d 712 (D.C.2004),[2] in that this matter involves a respondent who was administratively suspended for failure to pay dues; whereas, *In re Soininen* involved a respondent who was suspended for ethical violations. The Board Report relies on *In re Kennedy*, 542 A.2d 1225 (D.C.1988)[3] to support a 90–day suspension for all of respondent's ethical violations. Bar Counsel has informed the court that he takes no exception to the Board's Report and Recommendation, and respondent has not filed any exception to it. Thus, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Hitselberger*, 761 A.2d 27 (D.C.2000); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).

■ This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *In re Delaney, supra,* 697 A.2d at 1214 (D.C.1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them. Likewise, we adopt the sanc-

tion recommended by the Board, as it is not inconsistent with discipline imposed in cases involving similar violations. *See In re Phillips*, 705 A.2d 690 (D.C.1998) (A 60–day suspension for respondent's false statements to a tribunal, dishonesty, and serious interference with the administration of justice.); *In re Owens*, 806 A.2d 1230 (D.C.2002) (A 30–day suspension for respondent making false statements to a tribunal, dishonesty, and serious interference with the administration of justice.); *In re Kennedy, supra,* 542 A.2d at 1225. Accordingly, it is

ORDERED that Jeffrey E. Gonzalez–Perez is suspended from the practice of law in the District of Columbia for a period of 90 days, effective immediately. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar Rule XI, § 14(g).

*So ordered.*

■

---

**2.** A six-month suspension for a respondent continuing to practice law before the Executive Office of Immigration Review, the Board of Immigration Appeals, and the Immigration Court and representing that she was a member in good standing to clients after she was suspended for ethical violations in this jurisdiction.

**3.** Respondent's violations, including practicing law while administratively suspended for having failed to pay Bar dues and conduct involving dishonesty, warranted a 90–day suspension.