*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-1436

IN RE STEVEN B. KELBER, RESPONDENT

A Member of the Bar

of the District of Columbia Court of Appeals

(Bar Registration No. 358515)

On Report and Recommendation of Hearing Committee Number Five

Approving Petition for Negotiated Discipline

(BDN D522-08)

(Decided: May 1, 2014)

This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

Before BLACKBURNE-RIGSBY and BECKWITH, *Associate Judges*, and KING, *Senior Judge*.

PER CURIAM: Respondent, Steven B. Kelber, a member of the Bar of this Court, has admitted to violating District of Columbia Rules of Professional Conduct 8.4 (c) and (d) by making false statements and undertaking actions that interfered with the administration of justice. After respondent submitted a petition

for negotiated discipline, Hearing Committee Number Five ("Committee") issued its Report and Recommendation approving respondent's petition. *See* D.C. Bar Rule XI, § 12.1. The Committee concluded, after a limited hearing on the petition, reviewing a supporting amended affidavit from respondent, considering the representations of respondent's counsel and Bar Counsel during the hearing, the testimony of respondent, an *in camera* review of Bar Counsel's files and records, and an *ex parte* meeting with Assistant Bar Counsel, that respondent violated Rules of Professional Conduct 8.4 (c) & (d) during his representation in two separate matters.[1] In addition, the Committee concluded that the negotiated sixty-day suspension should be stayed in favor of a one-year period of unsupervised probation conditioned upon respondent not being subject to a new disciplinary complaint that results in a finding that he violated a disciplinary rule. Further, the Committee found that a fitness requirement should only be imposed in the event respondent does not successfully complete his probation.

---

[1] The violations stemmed from respondent's "inequitable conduct" as counsel for Kaken Pharmaceutical Co., Ltd., in a patent infringement case and from manufacturing documents as counsel for Genetech, in a separate patent interference case before the United States Patent and Trademark Office.

3

We agree with the Committee's recommendation because it properly applied D.C. Bar XI 12.1 (c) and the elements adopted by this court in *In re Rigas*[2] to arrive at this conclusion and we find no error in the Committee's determination. Furthermore, the Committee reviewed the circumstances of the disciplinary events, acknowledged the deterring impact of a prior suspension on his practice and found that the negotiated discipline - a sixty-day suspension - falls within the range of discipline imposed for similar actions.[3] As the recommendation is to stay imposition of any sanction in lieu of one-year of unsupervised probation conditioned upon respondent not violating a disciplinary rule in a jurisdiction in which he is licensed, the affidavit required by D.C. Bar R. XI, § 14 (g) is not

---

[2] 9 A.3d 494, 498 (D.C. 2010) (adopting, for negotiated discipline cases, the Board of Professional Responsibility's guidelines required for a Hearing Committee to satisfy itself after independent consideration that there is no evidence in the record of moral turpitude and outlining five elements to consider in reaching that conclusion: (1) the crime does not involve moral turpitude *per se*, (2) Bar Counsel, explaining his efforts, has exhausted all reasonable means to find proof of moral turpitude, (3) Bar Counsel does not believe that there is sufficient evidence of moral turpitude, (4) all the facts relevant to a determination of moral turpitude are stated in the petition, and (5) similar precedent is cited in the petition for negotiated discipline).

[3] *See In re Owens*, 806 A.2d 1230 (D.C. 2002) (imposing a thirty-day suspension for making a series of false statements, including a statement under oath to an administrative law judge); *In re Zeigler*, 692 A.2d 1351, 1353 (D.C. 1997) (imposing sixty-day suspension for altering medical records submitted to a client's insurance company).

required. However, we also agree with the imposition of a fitness requirement if, during the period of his probation, respondent violates any disciplinary rule in a jurisdiction in which he is licensed.

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Steven B. Kelber is suspended from the practice of law in the District of Columbia for the period of sixty days, stayed in favor of a one-year period of unsupervised probation and said probation is conditioned upon respondent not being the subject of a disciplinary complaint that results in a finding that he violated a disciplinary rules of any jurisdiction in which he is licensed. In the event that respondent does not successfully complete probation, he shall be suspended for sixty days and required to demonstrate fitness to practice law as a condition to reinstatement.

*So ordered.*