*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-35

IN RE KENNETH H. ROSENAU, RESPONDENT.

FILED 3/3/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 342733)

On Report and Recommendation of Hearing Committee Number Five
Approving Petition for Negotiated Discipline
(BDN-D335-13)

(Decided: March 3, 2016)

Before FISHER and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, Hearing Committee Number Five ("Committee") recommends approval of a petition for negotiated attorney discipline. The violations stem from respondent Kenneth H. Rosenau's failure to disclose during mediation that his client had died.

Based upon respondent's recognition that he engaged in misrepresentation and that this misrepresentation seriously interfered with the administration of justice, he admittedly violated Rule 8.4 (c) and 8.4 (d) of the District of Columbia Rules of Professional Conduct. The Committee considered the following circumstances in mitigation: (1) respondent's remorse for his actions, (2) his statement that his actions were not for personal gain, and (3) the absence of any prior disciplinary action during thirty-five years of practicing law. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a thirty-day suspension. The Committee reviewed this agreement and concluded, after the limited hearing on the petition, an *ex parte* review of Disciplinary Counsel's files and records, and *ex parte* communications with Disciplinary Counsel, that the petition for negotiated discipline should be approved.

We accept the Committee's recommendation because it properly applied D.C. Bar R. XI § 12.1 (c) to arrive at this conclusion, and we find no error in the Committee's determination. Based upon the record before the court, the negotiated

discipline of a thirty-day suspension from the practice of law is not unduly lenient and is supported by discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Kenneth H. Rosenau is hereby suspended from the practice of law in the District of Columbia for the period of thirty days. We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*

---

[1] *See In re Owens*, 806 A.2d 1230, 1230-31 (D.C. 2002) (imposing a thirty-day suspension for misrepresentations, one under oath, to an Administrative Law Judge based on a finding that respondent's "false statements were motivated by her desire to avoid embarrassment to herself and protect her client from any adverse consequences of her misconduct."); *In re Schneider*, 553 A.2d 206, 212 (D.C. 1989) (imposing a thirty-day suspension citing "the absence of motive of personal gain, [and] the otherwise unblemished record over a considerable period of professional life subsequent to the event").