**In re Brian D. GENO, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 416468).**

**No. 10–BG–290.**

District of Columbia Court of Appeals.

Decided July 1, 2010.

Before REID and OBERLY, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board"), accepting the findings of Hearing Committee Twelve, concluded that respondent violated D.C. Rules of Professional Conduct 1.3(c) and 1.4(a) when he failed to notify his client of a pending immigration hearing, failed to attend the hearing resulting in the entry of an in absentia deportation order, and failed to take any remedial actions. However, the Board disagreed with the Committee's recommendation of an informal admonition and concluded that respondent, Brian D. Geno, should be publically censured. Neither Bar Counsel nor respondent has filed any exceptions. We adopt and agree with the recommendation that Brian D. Geno should be publically censured.

Mr. Geno has been a member of this Bar since December 5, 1988, and has no prior disciplinary history in this court. In July 1995, respondent undertook the representation of Mr. Majano in an immigration matter. Mr. Majano sought political asylum. Initially, Mr. Majano's application was dismissed; however, after respondent successfully appealed, the matter was reinstated. Respondent thereafter received notice of a court hearing scheduled for 1:00 p.m., on August 28, 2002. The hearing notice warned

that failure to appear could result in the matter being heard in absentia and may result in deportation. The court order did not show service on Mr. Majano. It is at this point that respondent failed to meet his professional obligations.

Respondent delegated the responsibility of contacting Mr. Majano to his legal assistant. Numerous telephone calls were made; however, none of these telephone calls reached Mr. Majano. These telephonic attempts ceased on August 1, 2002, almost a month before the hearing. No other attempts were made to contact Mr. Majano until the day before the scheduled hearing when a letter was mailed to Mr. Majano. Mr. Majano received the letter the next day; however, it was not delivered until after the 1:00 p.m. hearing.

On the day of the hearing respondent traveled to the immigration court in Arlington, Virginia; however, the hearing was scheduled to be heard in Baltimore, Maryland. Thus, neither Mr. Majano nor respondent appeared at the hearing. As a consequence, an in absentia deportation order was issued. Further, once contacted by Mr. Majano, respondent demanded additional payments prior to filing the necessary paperwork to have the in absentia deportation order vacated and a new hearing scheduled. Mr. Majano refused to make any additional payments and the in absentia order remained in effect at the time of the hearing before the Board.

Although the Hearing Committee recommended an informal admonition, the Board determined that a public censure was warranted because respondent failed to accept responsibility for his actions and the resulting entry of the in absentia order and the possibility of his client's deportation. The Board properly rejected respondent's claims of diligence. In light of the grave consequences to Mr. Majano if he failed to appear at the hearing, a few phone calls and one letter sent on the eve of the hearing do not constitute due diligence as required by our rules. Further, the Board determined that respondent's failure to understand his obligation distinguished this case from others that resulted in the entry of an informal admonition; however, the Board also determined that because the conduct was an isolated incident, any suspension would be unduly punitive.

█ · Since the Board's recommendation is unopposed, our deference to it is normally heightened. *See* D.C. Bar R. XI, § 9(h)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). We will adopt the recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(h)(1). Similarly, we will " 'respect the Board's sense of equity in these matters' unless the recommendation ... is materially inconsistent with the sanctions that we have imposed in comparable cases." *In re Edwards,* 870 A.2d 90, 94 (D.C.2005) (citing *In re Smith,* 403 A.2d 296, 303 (D.C.1979)). In similar immigration cases, this court has imposed discipline ranging from informal admonitions to 90–day suspensions. In these cases, the court has looked to the severity of counsel's omissions, the prejudice to the client, any remedial actions taken, and the disciplinary history of respondent. Here we concur with the Board that respondent's actions and failure to understand the seriousness of his omissions require more than the informal admonition sanction of *In re Schlemmer,* 840 A.2d 657 (D.C.2004). Accordingly, it is

ORDERED that Brian D. Geno is hereby publically censured for violating D.C.

Rules of Professional Conduct 1.3(c) and 1.4(a).

*So ordered.*