*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-1053

IN RE FREDERIC W. SCHWARTZ, JR., RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 197137)

On Report and Recommendation of the
Board on Professional Responsibility
(Bar Docket No. 2009-D148)
(Board Docket No. 13-BD-052)

(Argued January 22, 2019                    Decided December 19, 2019)

*Frederic W. Schwartz, Jr.*, *pro se*.

*Jelani C. Lowery*, Assistant Disciplinary Counsel, with whom *Hamilton P. Fox, III*, Disciplinary Counsel, and *Hendrik deBoer*, Senior Staff Attorney, were on the brief, for the Office of the Disciplinary Counsel.

Before BLACKBURNE-RIGSBY, *Chief Judge*, MCLEESE, *Associate Judge*, and RUIZ, *Senior Judge*.

PER CURIAM:  The Board on Professional Responsibility (the "Board") recommends that respondent Frederic W. Schwartz, Jr. be informally admonished for violating Rule of Professional Conduct 1.4(a) stemming from his failure to keep his client, Dr. Jun Chen, "reasonably informed about the status of his case" for a year and a half.  Mr. Schwartz concedes this violation.  Before us is the

Office of the Disciplinary Counsel's ("Disciplinary Counsel") challenge to the Board's refusal to increase Mr. Schwartz's sanction from an informal admonition to a more severe sanction of a public censure. We adopt the Board's recommendation of an informal admonition.

## I. Factual and Procedural Background

In August 2005, Dr. Chen, a Chinese national and post-doctoral student at the University of Pittsburgh, contacted Mr. Schwartz to apply for lawful permanent resident status through an employment-based petition. After speaking with Mr. Schwartz's Mandarin-speaking assistant, June Miyata, Dr. Chen executed a retainer agreement sent to him by Ms. Miyata, with the understanding that Mr. Schwartz was to pursue an employment-based adjustment of Dr. Chen's immigration status through a national interest waiver. Mr. Schwartz admitted that he did not directly communicate with Dr. Chen prior to Dr. Chen executing the retainer agreement and also did not inform Dr. Chen that his case would be behind several other clients' matters. For the next six months, Dr. Chen communicated exclusively with Ms. Miyata and sent her documents that she requested for his case. In April 2006, Dr. Chen met Mr. Schwartz in person for the first and only time at Mr. Schwartz's office to turn over several documents needed for his

immigration case. For the rest of that year, Mr. Schwartz did not contact Dr. Chen about the status of his case.

In January 2007, Ms. Miyata's own work permit was denied and she returned to China. Mr. Schwartz did not hire a replacement and, according to Mr. Schwartz, "there came a time when the system essentially crumbled" which led to Mr. Schwartz neglecting to contact Dr. Chen for three to four months, as he "could not find [Dr. Chen's] file." Despite delays in the case due to deficiencies in the documents Dr. Chen provided, Mr. Schwartz did not contact Dr. Chen to remedy those deficiencies.[1]

From April 2006 to March 2007, Dr. Chen inquired twice by e-mail requesting an update on his case. Following the first e-mail, Mr. Schwartz briefly replied: "I am working on an emergency deportation case and will reply in several days." In the following five weeks, Dr. Chen sent Mr. Schwartz seven follow-up e-mails expressing his frustration with the lack of any response from Mr. Schwartz

---

[1] Despite Dr. Chen's uncontested ability to communicate in English, Mr. Schwartz testified that he did not telephone Dr. Chen because he thought "they would not be successful communications, unless somebody [who] spoke Chinese" made the call to Dr. Chen.

or his office.  On June 4, 2007, Dr. Chen terminated representation with Mr. Schwartz.

Dr. Chen ultimately contacted the Office of Disciplinary Counsel because he believed that Mr. Schwartz did not do any work on his behalf in exchange for the $2,000 that he paid Mr. Schwartz at the time he executed the retainer agreement. Mr. Schwartz admitted that, by the time Dr. Chen terminated representation, he had not completed Dr. Chen's application.

On June 5, 2013, the Office of Disciplinary Counsel filed its Specification of Charges against Mr. Schwartz, charging him with one count of violating Rule 1.4(a) for failing to adequately communicate with his client.  Following a hearing before an Ad Hoc Hearing Committee on January 15 and February 11, 2015, the Hearing Committee issued its Report and Recommendation, finding that Mr. Schwartz had violated Rule 1.4(a), which states that "a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information," and recommending a sanction of an informal admonition.  Disciplinary Counsel filed its exception to the Hearing Committee's Report and Recommendation and requested that the Board impose a greater sanction; instead of an informal admonition, Disciplinary Counsel requested public

censure, "given the circumstances of the case" and the "laundry list of aggravating factors," – Mr. Schwartz's failure to return the retainer fee and documents prepared in preparation for Dr. Chen's application – which it did not raise in its initial Specification of Charges. The Board found that Disciplinary Counsel "failed to prove the alleged factors offered in aggravation by clear and convincing evidence" and therefore declined to issue a greater sanction. The Board further found that the Hearing Committee's factual findings and ultimate conclusion that Mr. Schwartz violated Rule 1.4(a), and its determination that an informal admonition was appropriate, were supported by substantial evidence in the record. This appeal followed.

Disciplinary Counsel's primary concern on appeal is with the Board's determination that there was insufficient evidence of any aggravating factors to warrant imposition of the higher sanction of public censure that it sought.

## II. Legal Standard

On appeal, "[w]e accept the Board's factual findings if they are supported by substantial evidence." *In re Szymkowicz*, 195 A.3d 785, 788 (D.C. 2018) (citing D.C. Bar R. XI, § 9(h)(1)). We review the Board's legal conclusion *de novo*. *In re*

*Johnson*, 158 A.3d 913, 918 (D.C. 2017). We will accept the Board's recommended sanction, "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(h)(1). Although we give considerable deference to the Board's recommended sanction, ultimately the "choice of sanction is for the court to decide." *In re Artis*, 883 A.2d 85, 92 (D.C. 2005). When determining appropriate sanctions, "we review the respondent's violations in light of the nature of the violation, the mitigating and aggravating circumstances, the need to protect the public, the courts, and the legal profession, and the moral fitness of the attorney." *In re Austin*, 858 A.2d 969, 975 (D.C. 2004) (citation and internal quotations omitted). Some additional factors may include: (1) the seriousness of the conduct, (2) prejudice to the client, (3) whether the conduct involved dishonesty, (4) violation of other disciplinary rules, (5) the attorney's disciplinary history, (6) whether the attorney has acknowledged his or her wrongful conduct, and (7) mitigating circumstances. *In re Elgin*, 918 A.2d 362, 376 (D.C. 2007). Ultimately, "[t]he purpose of imposing discipline is to serve the public and professional interests identified and to deter similar conduct in the future rather than to punish the attorney." *In re Cleaver-Bascombe*, 986 A.2d 1191, 1195 (D.C. 2010).

## III. Discussion

Because Mr. Schwartz has acknowledged that he violated Rule 1.4(a) and because there is substantial evidence in the record to support the Board's finding that Mr. Schwartz violated Rule 1.4(a), we review only Mr. Schwartz's sanction. On appeal, Disciplinary Counsel identifies four circumstances that it argues the Board erroneously refused to consider in its analysis of the appropriate sanction to impose on Mr. Schwartz: (1) prejudice to Dr. Chen, because Dr. Chen paid $2,000 but failed to get anything of value in return, and Mr. Schwartz failed to refund his fee; (2) Mr. Schwartz inappropriately argued to the Hearing Committee that he had saved Dr. Chen money; (3) Mr. Schwartz improperly refused to turn over Dr. Chen's file, because Mr. Schwarz wanted more money; (4) Mr. Schwartz neglected Dr. Chen's case. We address each point in turn.

First, with regard to Disciplinary Counsel's argument on prejudice, the Hearing Committee in fact found that Dr. Chen suffered prejudice – largely based on Dr. Chen's $2,000 payment to Mr. Schwartz without Mr. Schwartz filing Dr. Chen's paperwork and Mr. Schwartz's subsequent failure to return the $2,000 fee – but nonetheless concluded that the prejudice did not warrant imposition of the higher sanction of a public censure. *See, e.g.*, *In re Geno*, 997 A.2d 692, 692-93

(D.C. 2010) (imposing a public censure following a finding of multiple rule violations and substantial prejudice to the client after respondent failed to notify the client of an immigration proceeding, and a deportation order was subsequently issued against the client *in absentia*). On this point, the Board agreed with the Hearing Committee that even with a finding of prejudice, the case only warranted an informal admonition. We agree with the analyses of both the Hearing Committee and the Board regarding prejudice to Dr. Chen – while the prejudice to Dr. Chen was more than *de minimis*, it did not rise to the level asserted in *Geno*, which might warrant an increased sanction above an informal admonition. On appeal, Disciplinary Counsel maintains that Mr. Schwartz's failure to return the $2,000 fee paid to him by Dr. Chen constituted prejudice. However, Disciplinary Counsel did not attempt to establish before the Hearing Committee that Mr. Schwarz's failure to provide a refund was improper. Therefore, the Hearing Committee did not make a finding on that point. Under Board Rule 13.7 of the Board on Professional Responsibility, the Board can make findings of fact in the first instance only if the evidence on the point is clear and convincing. As there is no evidence presented of Dr. Chen's entitlement to reimbursement of the retainer fee, the Board could not make its own findings. Thus, the argument based on prejudice resulting from the failure to reimburse the fee was not properly before the Board nor presented to us for review.

Second, with regard to Disciplinary Counsel's argument that Mr. Schwartz inappropriately argued to the Hearing Committee that he had saved Dr. Chen money, neither the Hearing Committee nor the Board explicitly discussed this argument. Mr. Schwartz has a right to present arguments in his own defense, and there is nothing in the record to suggest that this argument was made frivolously or in bad faith. Further, even if we consider Disciplinary Counsel's argument, we do not view this circumstance as by itself calling for a sanction beyond what the Hearing Committee and the Board have recommended, an informal admonition.

Third, Disciplinary Counsel maintains that Mr. Schwartz's refusal to return Dr. Chen's file in an effort to collect more money from Dr. Chen prejudiced Dr. Chen and warranted imposition of an increased sanction. The Hearing Committee found that the file was lost for some time, but was later found, and that Mr. Schwartz did not offer to return the file to Dr. Chen. The Hearing Committee found that Mr. Schwartz did not improperly refuse to return Dr. Chen's file in an effort to get more money. This finding by the Hearing Committee is supported by the record evidence; on appeal, Disciplinary Counsel does not cite any additional factual support that undermines the Hearing Committee's finding.

Finally, Disciplinary Counsel argues that Mr. Schwartz neglected Dr. Chen's case. The Hearing Committee did not explicitly find neglect, and the Board agreed with the Hearing Committee that neglect had not been proven. The record reflects that Mr. Schwartz was retained in October 2005 and had not made significant progress by the time he was terminated in June 2007. On appeal, Mr. Schwartz argues that Disciplinary Counsel maintained before the Hearing Committee that it was not trying to prove neglect – either as a separate violation or as an aggravating circumstance – thereby making neglect an unfair basis upon which to impose a harsher sanction than otherwise would be imposed. We conclude that client neglect is not an appropriate basis in this case on which to impose a harsher sanction than otherwise would be imposed. Before the Hearing Committee, Disciplinary Counsel stated that it was not trying to prove neglect. Therefore, Mr. Schwartz did not have adequate notice that client neglect was an issue that he needed to defend himself against, an evidentiary record was not developed, and the Hearing Committee did not make a finding on whether Mr. Schwartz neglected his client's case.[2] We similarly have no evidentiary record or findings on which to base our review.

---

[2] We acknowledge without deciding Disciplinary Counsel's argument that we should remand to the Board for fuller development of the record and resolution of the due process issue. In its order, the Board discussed, but found it

We adopt the Board's recommended sanction of an informal admonition, based on the Board's finding that Disciplinary Counsel failed to prove aggravating factors to support imposition of a harsher sanction and because the Board's sanction is supported by substantial record evidence. There are no known cases issued by this court that involve a single violation of failure to communicate with a client. The Board relies on two Disciplinary Counsel decisions, *In re Steinberg*, Bar Docket No. 203-98 (Mar. 26, 2001) and *In re Dix*, Bar Docket No. 133-00

---

(…continued)

unnecessary to decide, that adopting Disciplinary Counsel's argument that the Board increase Mr. Schwartz's sanction based on "aggravating factors" may violate Mr. Schwartz's right to due process. This alleged due process violation was based on Disciplinary Counsel's decision not to charge Mr. Schwartz with, and present evidence of the additional rule violations – Rule 1.16(d) (failure to surrender "papers and property to which the client is entitled") and Rule 1.5 (charging an unreasonable fee) – before the Hearing Committee, that it later sought to use against Mr. Schwartz to support a harsher sanction before the Board. This change in course may have deprived Mr. Schwartz of the opportunity to defend himself against those allegations. In fact, before the Hearing Committee, Disciplinary Counsel was asked whether it intended "to offer [evidence] in support of aggravation" and Disciplinary Counsel stated: "Counsel will indicate we have no evidence in aggravation." "Because disciplinary proceedings are quasi-criminal, attorneys subject to discipline are entitled to due process of the law." *In re Fay*, 111 A.3d 1025, 1031 (D.C. 2015) (internal quotation marks omitted). Due process requirements are satisfied upon "adequate notice of the charges and a meaningful opportunity to be heard." *Id*. However, because we do not find that Disciplinary Counsel bore its burden of producing evidence in aggravation to warrant a harsher sanction, we do not reach the due process issue. *Id*. (holding that to succeed on a due process claim, a party must show an error, and that error must have "resulted in substantial prejudice." (citation and internal quotation marks omitted)).

(Sept. 7, 2004) to support its determination that an informal admonition is warranted. In *Steinberg*, the attorney was informally admonished after she failed to send her client important court documents despite her client's repeated requests, which resulted in the client's ex-husband calling the police and alleging that the client breached a court order. Likewise, in *Dix*, the attorney was informally admonished after failing to respond to or follow-up with her client from June 1999 until February 2000 after repeated attempts by the client to contact her lawyer. For the reasons previously stated, we agree that Disciplinary Counsel has not shown aggravating factors, either by way of prejudice, client neglect, or otherwise, to warrant an increased sanction and therefore "[a]n informal admonition – the most lenient form of public discipline available to the District," is appropriate. *See In re Fay*, 111 A.3d at 1032 (holding that an informal admonition was appropriate where an attorney not only violated Rule 1.4(a) for failing to adequately communicate with his client, but also violated four other rules).

## IV.    Conclusion

For the foregoing reasons, we accept the Board's finding and adopt its recommendation that Mr. Schwartz violated Rule 1.4(a) and that his sanction is an informal admonition.

*So ordered.*