**In re James R. BOYKINS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–823.**

District of Columbia Court of Appeals.

Submitted March 7, 2000.

Decided March 30, 2000.

Before GLICKMAN, Associate Judge, and PRYOR and GALLAGHER, Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") has found that respondent, James R. Boykins, violated several Rules of Professional Conduct in the course of his representation of a co-conservator of an estate, and his subsequent representation of the heirs of that estate, beginning in March of 1992.[1] Respondent failed to provide a written fee agreement; failed to educate himself and comply with his duties

---

1. Specifically, respondent violated Rules 1.1(a), 1.1(b), 1.3(a), 1.3(c), 1.5(b), 1.7(b), and 8.4(d).

as counsel to a conservator, including billing the estate for his services without court approval; failed to advise his client regarding the fee she was entitled to as conservator; failed to withdraw as counsel for the conservator; failed to perceive the conflict of interest between the conservator and the heirs of the estate; and most importantly, failed to comply for nearly one year with the court and its agents in repaying to the estate, improperly received funds for legal services.

In mitigation, the Board considered that all of these violations but one, Rule 1.5(b), stemmed from respondent's inexperience at the time of the representation. Moreover, the Board was careful to note that this case did not involve dishonesty. In short, while respondent was quite delinquent in repaying the estate (apparently for reasons of financial hardship that he was loathe to disclose to the court), he was not defiant of the court's orders.

The Board recommends that respondent be suspended from the practice of law for thirty (30) days, and that the imposition of this suspension be stayed, and that respondent be placed on probation for one year with the following conditions: "(1) that Respondent not undertake any client representation in matters that he is not competent to handle; (2) that Respondent enroll in and complete at least two continuing legal education courses (six hours), one of which must be in professional responsibility and the second in probate administration, as soon as practical during the probation period; (3) that Respondent provide written certification to Bar Counsel and the Board that he has completed such courses; (4) that, in the event that issues arise in an existing representation that involve unanticipated areas of expertise, as to which Respondent doubts his competency, he shall consult with, and seek advice from a member of the D.C. Bar with experience in such new area; and (5) that

during the pendency of this proceeding before the Board and the Court, Respondent not be the subject of a disciplinary complaint that eventuates in the filing of a specification of charges." [2] Neither Bar Counsel, nor respondent, have filed any exception to the Board's report and recommendation.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to file exceptions to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Given the limited scope of review, we adopt the Board's recommendation. Accordingly, it is

ORDERED that James R. Boykins be, and hereby is, suspended from the practice of law for thirty (30) days; it is

FURTHER ORDERED that the imposition of that suspension be, and hereby is, stayed and that James R. Boykins be, and hereby is, placed on probation, with the above recommended provisions, for one year, effective immediately.

*So ordered.*

---

**2.** The Hearing Committee was split as to its recommendation: the chair and one member recommended a public censure and a one year probation; the third member recommended a Board reprimand.