*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0484

IN RE MARY E. DAVIS, RESPONDENT.

A Member of the Bar
of the District of Columbia
(Bar Registration No. 385583)

On Report and Recommendation of the
Board on Professional Responsibility Ad Hoc Hearing Committee
(Disciplinary Docket No. 2021-D078)
(Board Docket No. 22-ND-007)

(Decided: June 29, 2023)

Before ALIKHAN and SHANKER, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Mary E. Davis voluntarily acknowledged that, in connection with her appointment as counsel in a proceeding under 28 U.S.C. § 2255, she failed to obtain her client's informed consent regarding a conflict of interest, and that her conflicted representation

(identified and remedied five years later during the Section 2255 appeal) seriously interfered with the administration of justice. As a result, Ms. Davis admits that she violated D.C. R. Prof. Conduct 1.7(b)(4) and 8.4(d). The proposed discipline consists of a 30-day suspension, stayed in its entirety, with the conditions that she not be the subject of a disciplinary complaint that results in a finding of misconduct in this or any other jurisdiction for the nine-month period starting on June 21, 2022, and that she take three hours of continuing legal education courses in legal ethics.

Having reviewed the Hearing Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the sanction agreed upon is justified," *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), given the sanctions we have previously imposed for similar violations, *see, e.g.*, *In re Zipin*, No. 20-BG-182, 2020 WL 1950497 (D.C. Apr. 23, 2020) (per curiam); *In re Robbins*, 192 A.3d 558 (D.C. 2018) (per curiam); *In re Boykins*, 748 A.2d 413 (D.C. 2000) (per curiam); *see also In re Mensah*, 262 A.3d at 1104 ("[T]he sanctions imposed in negotiated-discipline cases may in some cases be less stringent than would otherwise have been appropriate in a contested-discipline case."). Accordingly, it is

ORDERED that respondent Mary E. Davis is hereby suspended from the practice of law in the District of Columbia for 30 days, stayed in its entirety, with the following conditions (which the parties agree have already been satisfied):

(i)     Respondent shall not be the subject of a disciplinary complaint that results in a finding of misconduct in this or any other jurisdiction for the nine-month period starting on June 21, 2022; and

(ii)    Respondent shall take three hours of continuing legal education courses in legal ethics.

*So ordered.*