*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

### DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0543

IN RE GEMMA ANTOINE-BELTON, RESPONDENT.

A Member of the Bar of the District of Columbia
(Bar Registration No. 405604)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(Disciplinary Docket No. 2017-D134)
(Board Docket No. 22-ND-004)

(Decided: August 10, 2023)

Before BECKWITH and ALIKHAN, *Associate Judges*, and WASHINGTON, *Senior Judge.*

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Gemma Antoine-Belton voluntarily acknowledged that, in connection with her appointments as guardian or conservator in four probate cases, she failed to provide competent representation, failed to serve the client with commensurate skill

and care, and represented the client in a matter in which her professional judgment reasonably may have been adversely affected by her own personal interests; and further that, in one of the four cases, she engaged in conduct that seriously interfered with the administration of justice. As a result, respondent admits that she violated D.C. R. Prof. Conduct 1.1(a) through (b), 1.7(b)(4), and 8.4(d). The proposed discipline consists of a 60-day suspension, stayed as to all but 30 days, followed by a one-year term of probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), given the sanctions we have previously imposed for similar violations, *see, e.g.*, *In re Zipin*, No. 20-BG-182, 2020 WL 1950497, at *1 (D.C. Apr. 23, 2020) (per curiam); *In re Robbins*, 192 A.3d 558, 560, 567 (D.C. 2018) (per curiam); *In re Boykins*, 748 A.2d 413, 413 & n.1, 414 (D.C. 2000) (per curiam); *see also Mensah*, 262 A.3d at 1104 ("[T]he sanctions imposed in negotiated-discipline cases may in some cases be less stringent than would otherwise have been appropriate in a contested-discipline case."). Accordingly, it is

ORDERED that respondent Gemma Antoine-Belton is hereby suspended from the practice of law in the District of Columbia for 60 days, stayed as to all but 30 days, followed by a one-year term of probation with the following conditions:

(i)     Respondent must take the Basic Training and Beyond two-day course offered by the District of Columbia Bar and must take an additional eight hours of pre-approved continuing legal education, at least five hours of which must be related to probate law or elder law, and at least three hours of which must be related to attorney ethics including dealing with conflicts of interest. Within 10 days of this opinion, respondent must read the cases on conflicts of interest and the national guardianship standard on conflicts of interest as set forth in the list provided by the Office of Disciplinary Counsel. Respondent must certify and provide documenting proof that she has met these requirements to the Office of Disciplinary Counsel within six months of the date of this opinion.

(ii)    Respondent must meet with Dan Mills, Esquire, the Manager of the Practice Management Advisory Service of the District of Columbia Bar (or his successor or designee), in person or virtually within two months of the date of this opinion. At that time, respondent must execute a waiver allowing Mr. Mills or his designee (an assigned practice monitor) to communicate directly with the Office of Disciplinary Counsel regarding her compliance.

When respondent meets with Mr. Mills or his designee virtually or in person, she will make any and all records relating to her practice available for his review. Respondent shall ask Mr. Mills or his designee to conduct a full assessment of her business structure and her practice, including but not limited to all law firm processes and procedures, financial records, client files, engagement letters, supervision and training of staff, and responsiveness to clients. Respondent shall also ask Mr. Mills or his designee to advise her about how to maintain complete records relating to the maintenance of client funds and monitor her compliance with all of Mr. Mills's or his designee's recommendations. Respondent shall adopt all recommendations and implement them in the law firm when she resumes practice following her suspension. At the end of her suspension, respondent shall begin her one-year probation. During her probation, respondent shall consult regularly with Mr. Mills or his designee on the schedule he or his designee establishes. Respondent must be in full compliance with Mr. Mills's or his designee's requirements for a period of 12 consecutive months, and it is respondent's sole responsibility to demonstrate compliance. Respondent must sign an acknowledgement under penalty of perjury affirming that she is in compliance with Mr. Mills's or his designee's requirements and file the signed acknowledgement with the Office of Disciplinary Counsel. This must be

accomplished no later than seven business days after the end of respondent's period of probation.

If respondent fails to comply with the above conditions, she will serve the remaining 30 days of the 60-day suspension. Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g)—which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16—and Board Prof. Resp. R. 9.

*So ordered.*